## A90A0363. GONZALEZ v. THE STATE.

(392 SE2d 893)

BANKE, Presiding Judge.

On appeal from his conviction of trafficking in cocaine, the appellant contends that the trial court erred in refusing to suppress the contraband on which the conviction was based.

While on patrol at approximately 4:51 a.m. on March 26, 1989, Georgia State Trooper Michael Ralston saw a vehicle being driven by the appellant weave from one curb to the other as it exited into a rest area on Interstate 75 near Adairsville. Ralston followed the vehicle into the rest area, where he observed the appellant and a companion, later identified as Luis Hidalgo, get out and walk towards the rest rooms. Concerned that the appellant "was possibly intoxicated or very fatigued from driving," Ralston confronted him upon his return and asked to see his driver's license and vehicle registration papers. The appellant responded by producing a Florida driver's license, along with an Illinois registration document revealing that the vehicle belonged to an individual named Juan Guillon. He explained to the trooper that he and his companion were en route to Chicago from Florida to deliver the vehicle to Mr. Guillon, following which they intended to return to Florida by plane. However, he was unable to give the trooper a telephone number for Mr. Guillon.

After speaking with Mr. Hidalgo and determining that the latter's explanation for the purpose of the trip was consistent with the appellant's, Ralston radioed his state patrol unit and asked them to "check with the directory in Chicago to see if they had a telephone listing" for Mr. Guillon. He received a negative response to this inquiry, whereupon, after returning the appellant's driver's license and vehicle registration documents to him, he asked the appellant to consent to a search of the vehicle. By this time, approximately 20 minutes had passed since the trooper's initial encounter with the appellant. The appellant agreed verbally to permit a search of the vehicle, following which Ralston read him the contents of a "voluntary consent to search form" advising him, among other things, of his right to

refuse to consent to the search. Ralston testified that the appellant signed this form after acknowledging that he understood its contents; and the form itself, bearing the appellant's signature, was introduced into evidence.

Before proceeding with the search of the vehicle, the trooper conducted a pat-down search of the appellant's person "for safety purposes." During the course of this procedure, he felt an object in the appellant's right front pocket and asked him what it was. The appellant responded by removing an unlabeled plastic prescription container from the pocket, which the trooper took from him and opened, exposing to view a "white powder substance." Believing "from personal experience" that this substance was cocaine, Ralston then placed the appellant under arrest for possession of cocaine and proceeded with the search of the vehicle. Although he was unable to find any significant quantity of contraband inside the vehicle during this search, he did observe a white powdery substance in the middle of the front seat and on the steering column. Acting again on the basis of "personal experience," he formed the opinion that this substance also was cocaine. He then performed a "field test" on the substance he had found in the prescription container, the results of which confirmed his belief that it was cocaine. He did not, however, perform a similar test on the substance found on the seat and steering column of the vehicle, nor was any other chemical analysis ever made of that substance.

The appellant was advised at this time that he was under arrest for possession of cocaine, while his companion, Mr. Hidalgo, was informed "that he would [also] be detained until a further search of the vehicle could be made." The latter responded by saying he was cold and pointing to a jacket which was lying atop some luggage which had been removed from the trunk of the vehicle during the search. Ralston searched this jacket for possible weapons preparatory to giving it to Mr. Hidalgo and discovered a marijuana cigarette in one of the pockets. On the basis of this discovery, he advised Mr. Hidalgo that he was under arrest for possession of marijuana, at which point, according to the trooper, the appellant announced that the jacket was his.

The two suspects and their vehicle were thereafter transported to the sheriff's office, where the vehicle was subjected to a second search, this time with the aid of drug-sniffing dogs. Ralston testified that before commencing this second search, he asked the appellant "for permission to search the vehicle again or continue to search the vehicle." He stated that the appellant responded that "it was okay, to go ahead and search," but refused "to sign any more forms due to the fact that, I guess, he was already under arrest." During this second search of the vehicle, which occurred some two hours after Ralston's

initial encounter with the appellant, approximately 930 grams of cocaine were discovered inside a hidden compartment located behind the dashboard of the vehicle.

The trial judge granted the appellant's motion to suppress the prescription container and its contents, concluding that it had been seized during the course of an improper frisk. In addition, the court suppressed the marijuana cigarette with respect to Mr. Hidalgo but not with respect to the appellant. The court declined, however, to suppress the 930 grams of cocaine which had been seized during the second search of the vehicle, concluding that this search had been authorized by the original consent signed by the appellant at the rest area. *Held*:

Pretermitting whether the appellant consented freely and voluntarily to the second search of the vehicle, and further pretermitting whether the prescription container was lawfully seized from his person, we hold that the second search of the vehicle was authorized by the discovery of the suspected cocaine on its front seat and steering column during the course of the initial search of the vehicle at the rest area. There is no question that the appellant consented freely and voluntarily to that search; and although it does not appear that any portion of the powdery substance in question was ever subjected to chemical analysis, Ralston's belief, based on his personal experience, that the substance was cocaine must be credited with substantial weight in view of the fact that his identical opinion regarding the substance in the prescription container was later confirmed by chemical analysis. We thus conclude that, based on the totality of the circumstances known to him at the time, the trooper acquired probable cause to arrest the appellant and his companion for possession of cocaine during the original search of the vehicle. It follows that the impoundment and subsequent search of the vehicle resulted in no violation of the appellant's Fourth Amendment rights, for " 'when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody.' *Michigan v. Thomas*, 458 U. S. 259, 261 (102 SC 3079, 73 LE2d 750) (1982)." *Barfoot v. State*, 173 Ga. App. 461 (2) (326 SE2d 791) (1985). Accord *Goodman v. State*, 255 Ga. 226, 229 (13) (336 SE2d 757) (1985); *Glover v. State*, 139 Ga. App. 162 (2) (227 SE2d 921) (1976).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

## ON MOTION FOR REHEARING.

The appellant contends on motion for rehearing that this court erroneously relied upon suppressed evidence (i.e., the results of the

"field test" performed on the white powdery substance discovered inside the prescription bottle) in reaching its conclusion that trooper Ralston had probable cause to believe the white powdery substance he observed on the seat and steering column of the vehicle was cocaine. However, our reliance on the results of this field test has nothing to do with the fact that the prescription bottle was seized from the appellant. For our purposes, the relevance of this evidence was simply that it supported Ralston's claim that he had the ability to recognize cocaine by observation; and in this respect, the significance of the results would have been the same even if the test had been performed on cocaine obtained from a source totally unconnected with the appellant. We thus conclude that even if the test results were not admissible as evidence that the appellant was in possession of illicit contraband, they nevertheless had probative value on the limited issue of whether Ralston knew cocaine when he saw it.

*The motion for rehearing is denied.*

DECIDED MARCH 12, 1990 —
REHEARING DENIED MARCH 29, 1990 —

*Bailey & Bearden, J. Lane Bearden, Cook & Palmour, Bobby Lee Cook*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.