PEPPER *et al. v.* PEPPER.

No. 7359. January 17, 1930. Rehearing denied February 22, 1930.

*O. D. Rogers, L. S. James, C. M. James,* and *W. A. James,* for plaintiffs in error.

*Underwood, Haas & Gambrell,* contra.

HINES, J. ■ ' The court did not err in overruling the general and the special grounds of the motion for new trial.

■ The defendant assigns error on the court's refusal to take the case off the trial calendar, on his motion in writing. The writing or the substance thereof is not set forth in this ground of the motion for new trial. ' Such written motion does appear in the record in the case but the same is not made a part of this ground by appropriate reference. A motion for new trial must be complete in itself. Any evidence material to a consideration of a ground of a motion for new trial must be embodied in such motion. It is not sufficient that the evidence, which is necessary to a due consideration of the ground of the motion, appears elsewhere in the record. *Blackwell* v. *Houston County,* 168 *Ga.* 248 (147 S. E. 574).

■ In the 6th ground of his motion the defendant alleges that the court erred in a ruling made pending the preliminary statement of the plaintiff's case by her counsel, in which he referred to the grant of temporary alimony and the failure of the defendant to pay the same. Counsel for the defendant objected to going into the question of temporary alimony. The court ruled that if the husband was able to pay and did not pay temporary alimony, the jury would be authorized to consider it in passing upon the question of cruel treatment. The only exception to this ruling is that it was an intimation of opinion by the judge that such an order and a failure to pay temporary alimony would be cruel treatment sufficient to authorize the jury to grant the partial divorce and the permanent alimony asked by the plaintiff. In this ruling the judge did not intimate the opinion that such order and a failure to pay temporary alimony would be cruel treatment sufficient to authorize the jury to grant the partial divorce and permanent alimony. Furthermore, it does not appear from this ground of the motion that any evidence was introduced upon this subject. In the circumstances the ruling was not erroneous for the reason assigned, if for any reason.

■ In the 7th ground the defendant alleges that he objected to the following material evidence introduced by the plaintiff, when the following occurred: "Mrs. Mary Belle Pepper, sworn in her own behalf, testified as follows: Direct examination by Mr. Gambrell:

Q. How much had he contributed for a few years even before you definitely separated? A. He had contributed—" Counsel for the defendant said, "We object to that, on the grounds that up until the time they separated they were living as man and wife, presumed to be living in a state where the husband supports the wife." The court overruled the objection; but it does not appear that the plaintiff added anything to her unfinished answer to the above question propounded to her. The objection to the question propounded is without merit. The presumption that a husband supports his wife when they are living together is at best a prima facie presumption which can be rebutted. Furthermore, as it does not appear that the wife testified to any fact in response to the question propounded, the ruling was harmless.

■ In the 8th ground the defendant excepts to the admission of testimony of the wife, to the effect that she had not received any temporary alimony in this case or attorney's fee from the defendant, over the objection that the same was irrelevant and immaterial, and illustrated no issue in this case. The court did not err in admitting this testimony to be considered by the jury, in connection with the other evidence in the case, in determining whether the defendant was guilty of cruel treatment towards the plaintiff.

■ Upon cross-examination of the plaintiff the following occurred: "Q. Who did your daughter marry, Mrs. Pepper? A. She married Mr. Wickliffe. Q. Who was he? A. He is a Floridian, and his home is in that county. Q. His home is where? A. His home is in Lake County. I couldn't tell you the exact place. Q. Was Mr. Wickliffe a former army officer? A. No, sir. Q. He wasn't in the service at all? A. No, never. Q. What was he living on, then? A. He was the head of the Wilson Cypress Lumber Company at that time. Q. And how did he meet your daughter?" Here the court said to the counsel for the defendant, "Is that material?" In reply counsel said that he was trying by this evidence to show that the plaintiff insisted that the home that the defendant provided for her in Florida was not a place that was fit to live in, that it was a dismal swamp; and that he

was trying to prove by her that her own daughter married a man in the same county. The court ruled that this was not material. Defendant insists that he had a right to have this evidence go to the jury, and that the court erred in withholding it from them. The ruling of the court was not erroneous.

■ The defendant insists that the court erred in refusing to let the following evidence go to the jury: Counsel for the defendant asked the plaintiff how many letters she had written or authorized written by her counsel to the War Department of the United States. Thereupon the court stated to the plaintiff that she need not answer that question, that it was not material in this case. To this ruling the defendant excepts on the ground that he desired to show that his wife had harassed him and had attempted to prejudice him before the War Department, and that the plaintiff had attempted to try the issues before that department. This exception is without merit.

■ The defendant complains that the court erred in permitting Georgia Pepper, a witness for the plaintiff, to testify that her mother had never entertained any male callers or suitors, to her knowledge. Counsel for the defendant stated that he did not think that this evidence illustrated any issue, as there had been no charge of any such thing. The court stated that he believed that the defendant had accused the plaintiff of entertaining men in her home, and that he would leave her answer in. Defendant alleges that this was hurtful error. as there was no pleading by the defendant on which to predicate the testimony, and that it was self-serving and made solely to rebut statements attributed to the defendant by the plaintiff in her testimony. In view of the testimony of the plaintiff that the defendant had accused her of improper conduct in receiving male callers at her home, this evidence from the daughter of the plaintiff, who lived with her, was admissible. Such a charge when untrue can be considered by the jury in a case for divorce based upon cruel treatment. *Myrick* v. *Myrick*, 67 *Ga.* 771 et seq.; *Ray* v. *Ray*, 106 *Ga.* 260 (32 S. E. 91). The court did not err in admitting said evidence, for any reasons urged against its admission.

■ The defendant offered in evidence a certified copy of the proceedings in a divorce suit filed by the husband against the wife in Florida. This copy included, among other parts of the record in said case, the brief of evidence, the judgment, the special ex-

aminer's report, to which was attached the testimony of the defendant in said case, and the final decree therein. The court refused to admit this evidence, and defendant alleges in his motion for new trial that this was error, as the evidence would show that in that action the Florida court had jurisdiction of the subject-matter and of the parties, that the same issues were involved, and that two judgments were entered, one denying temporary alimony, and the other denying the plaintiff therein a divorce and the defendant therein permanent alimony. Defendant contends that these two judgments settled the issues between the parties on the same state of facts, as the instant case was filed on September 30, 1927, only two days after the final decree was entered in the Florida case. When this case was here before, this court held that "The judgment of the court in the State of Florida was not sufficient to bar a subsequent suit in the State of Georgia, instituted by the wife, for divorce from the husband, and for temporary and permanent alimony for herself and minor daughter, and attorney's fees. The judge did not err in overruling the special plea." *Pepper* v. *Pepper,* 166 *Ga.* 879 (144 S. E. 651). The defendant is concluded by that judgment, and the court did not err in rejecting such evidence.

■ This court has no authority to decide any question on any writ of error unless it is made by a special assignment of error in the bill of exceptions, plainly and specifically setting forth the errors complained of; and assignments of error so indefinitely stated as to leave a reviewing court uncertain as to the error complained of can not be considered. *Truluck* v. *Peeples,* 1 *Ga.* 1; *Kelly* v. *Strouse,* 116 *Ga.* 872 (9) (43 S. E. 280). The assignments of error designated as (a) and (b) in the statement of facts are so indefinite as to come within the rule above announced, and can not be considered.

■ The defendant and the surety on his ne exeat bond except to the order estreating such bond, on the ground that it is contrary to law and to the evidence, and that it is not based on a final judgment within the meaning of the statute, as the same has not been heard by this court, nor has the time for appeal therefrom passed. The bill of exceptions does not set out the evidence on which this order was granted. The writ of ne exeat issues to restrain a person from leaving the jurisdiction of the State. Civil Code (1910), § 5459. It may be granted in this State at the instance

of a wife against her husband pending an application for alimony, and prior to any decree therefor. *Lamar* v. *Lamar,* 123 *Ga.* 827 (51 S. E. 753). The defendant may in all cases relieve himself or his property, or the specific property, from the restraint imposed, by giving bond in double the value of plaintiff's claim, with good security, to the officer serving the process, for the forthcoming of each or either, according to the tenor of the writ, to answer to plaintiff's claim, or abide by the order and decree of the court. Civil Code (1910), § 5461. The order granting this writ in this case provided that the defendant should give bond in the sum of $250, conditioned upon his remaining within the State until further order of the court; and the writ was of like tenor, obligating the defendant to give bond not to depart the State without the order of the court. The judgment recites that the defendant did not abide in this State, was not present at the trial of the divorce case, and had been out of the State ever since the trial. The court was authorized to find that there was a breach of the bond by the principal, and to render a judgment thereon for the amount of such bond. Such bond can be breached before final judgment in the case, especially where there has been a prior judgment awarding the plaintiff temporary alimony. The writ of ne exeat issues to restrain a person from leaving the jurisdiction of the State. *McGee* v. *McGee,* 8 *Ga.* 295 (52 Am. D. 407); *Lamar* v. *Lamar,* supra; *Carnes* v. *Carnes,* 138 *Ga.* 1 (2) (74 S. E. 785); *May* v. *May,* 148 *Ga.* 521 (91 S. E. 687). The bond being conditioned that the defendant should not leave the jurisdiction of the State, it was breached by his so doing.

Applying the above principles, the court did not err in overruling the motion for new trial, and in making the ruling complained of by the defendant and the surety on his ne exeat bond.

*Judgment affirmed. All the Justices concur.*