## 69071. BARFOOT v. THE STATE.
### (326 SE2d 791)

POPE, Judge.

William Douglas Barfoot brings this appeal from his conviction of violating the Georgia Controlled Substances Act (Count I, possession of less than one ounce of marijuana; Count II, possession of cocaine). *Held*:

1. Appellant cites as error the testimony of the arresting officer concerning a .38 calibre revolver which appellant had in his possession at the time of his arrest. Appellant argues that this testimony related to an independent crime which was irrelevant to the case, wrongfully placed his character in issue, and was highly prejudicial. However, there was no objection to this testimony at trial. "The failure to make a specific and timely objection is treated as a waiver. [Cit.]" *Herrin v. State*, 230 Ga. 476, 477 (197 SE2d 734) (1973). In any event, "[e]vidence as to the circumstances of the arrest is admissible under the rule that 'The flight of the accused, when and where arrested, whether he resisted or not, how he was armed, and all the circumstances attending his arrest, are admissible to be considered by the jury for what they are worth.' [Cit.]" *Bixby v. State*, 234 Ga. 812, 813-14 (218 SE2d 609) (1975). See *State v. Luke*, 232 Ga. 815 (209 SE2d 165) (1974). Appellant's first and fourth enumerations of error have no merit.

2. Appellant also cites as error the denial of his motion to suppress the revolver, marijuana and cocaine. The record discloses that the revolver and the cocaine were seized during the course of appellant's lawful arrest. Thus, the trial court did not err in denying the motion to suppress as to these items. See Division 1, supra. The marijuana was discovered on the driver's side under the front seat of appellant's car. The search was conducted after appellant's car had been towed to the police station and the arresting officer had obtained a search warrant. Appellant argues that the search warrant was invalid because the affiant did not sign the affidavit in support thereof. However, "when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." *Michigan v. Thomas*, 458 U. S. 259, 261 (102 SC 3079, 73 LE2d 750) (1982). The arresting officer testified that "there was a faint smell of what appeared to be marijuana smell in the car." This, in addition to the cocaine seized

from appellant at the time of his arrest, formed sufficient probable cause for the warrantless search of appellant's car. See *Parks v. State*, 150 Ga. App. 446 (1) (258 SE2d 66) (1979); *Dickson v. State*, 124 Ga. App. 406 (184 SE2d 37) (1971). See also *Brooker v. State*, 164 Ga. App. 775 (1) (298 SE2d 48) (1982); *State v. Medders*, 153 Ga. App. 680 (266 SE2d 331) (1980). See generally *McDonald v. State*, 156 Ga. App. 143 (1) (273 SE2d 881) (1980). Appellant's second and third enumerations of error are without merit.

3. Appellant's final enumeration cites as error the trial court's charge to the jury as to good character. The evidence of record supports the charge as given. See generally *Widner v. State*, 197 Ga. 542 (2) (30 SE2d 97) (1944). Further, the record discloses no written request for a charge on good character, and the charge given was a correct statement of the law. See *Favors v. State*, 228 Ga. 196 (3) (184 SE2d 568) (1971). Finally, the charge as given in no way conflicted with the dictates of OCGA § 24-9-20. This enumeration of error presents no ground for reversal.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 30, 1985 —
REHEARING DENIED FEBRUARY 11, 1985 — 

*Harold E. Martin*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys*, for appellee.