69069. CHAPMAN v. THE STATE.
(328 SE2d 425)

McMURRAY, Presiding Judge.

The defendant was convicted of aggravated assault on March 14, 1984. His motion for new trial was overruled and this appeal followed. *Held:*

1. First, the defendant argues that the trial court erred in allowing a witness to refresh his memory from a standard waiver of rights form. This contention is without merit. *Ferrell v. State,* 149 Ga. App. 405, 408 (7) (254 SE2d 404).

2. Next, the defendant contends that the trial court erred in failing to grant the defendant's motion for directed verdict because there was a fatal variance in the allegations in the indictment and the proof at trial. The State's evidence showed that during the late evening hours of April 1, 1983, or early morning hours of April 2, 1983, the defendant and Jerry Moten approached Stanley London in the parking lot of the American Legion Club in Rome, Georgia. Words were exchanged and a fight ensued between Jerry Moten and Stanley London. At the outset of the fight, London was partially disabled when Moten struck him in the head with a weapon ("Karate stick") composed of two equal length sticks joined with a chain. The defendant joined the fight and "started cutting" London on his back with a knife. Eventually, the fight was broken up and London was taken to the hospital by several friends. On November 3, 1983, the defendant was indicted for "the offense of FELONY" (aggravated assault) by ". . . hitting, striking, and beating said Stanley London with a certain stick, an object, device and instrument which was used offensively and was likely to and did result in serious bodily injury, and [was] a party to stabbing and cutting Stanley London with a certain knife, [a] deadly weapon." From this indictment, it is clear that the State charged the defendant with committing the offense charged in more than one way.

In *Henry v. State,* 154 Ga. App. 120 (1) (267 SE2d 653), this court held that when an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie

case for jury determination as to guilt or innocence. In the case sub judice, inasmuch as the evidence showed the defendant had assaulted the victim in one of the ways alleged in the indictment, a directed verdict was not proper, and the trial court did not err in denying same.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1985.

*Floyd H. Farless*, for appellant.
*F. Larry Salmon, District Attorney, T. Russell McClelland III, Assistant District Attorney*, for appellee.