## S90A0745. ADAMS v. THE STATE.
### (392 SE2d 866)

CLARKE, Chief Justice.

James Dennis Adams was convicted of the malice murder of James Thomas Barrett and sentenced to life imprisonment.[1] The defendant was also convicted of possession of a firearm by a convicted felon and influencing a witness. He was sentenced to a term of years for these crimes, to run consecutively to the sentence of life imprisonment.

The record shows that the victim was in the produce business with Danny Allen. Allen also owned an auto repair shop at which he employed the defendant. A witness who lives near the crime scene testified that on the day of the murder she observed the victim driving up and down the road in front of her house several times. Between 4:00 and 4:30 p.m. that day she saw the defendant driving away from the area in which the victim was killed. Another resident of this area testified that he heard two gunshots fired "sometime" after 4:00 p.m. The victim died as the result of two gunshots to the head. Forensic evidence indicated that the victim had been shot while in the car, most likely by someone sitting in the front passenger's seat.

The defendant consented to a search of his residence, and fibers found on his blue jeans were consistent with fibers found in the victim's car. Both before and after the fiber analysis was performed the defendant denied ever having been in the victim's car.

Jerry Baxter, who was incarcerated with the defendant following the murder, testified the defendant boasted that he had been hired by Danny Allen "and two others" to kill the victim. According to Baxter, the defendant later threatened Baxter's life if he testified to this information. A jail trusty testified that the defendant told him he had "thrown the gun in the river." However, the defendant never admit-

---

[1] The crime was committed on July 18, 1984. The defendant was indicted in the September Term 1984, and tried in January 1985. He was convicted and sentenced on January 18, 1985, and filed his motion for new trial on February 5, 1985. He amended the motion for new trial in February 1988, and the motion was denied on November 9, 1988. He filed his notice of appeal on December 6, 1988, and the case was docketed in this court on March 12, 1990. The case was submitted on briefs on April 27, 1990.

ted or denied killing the victim to this witness.

Prior to the victim's death, Danny Allen, his wife and the victim took out a bank loan to go into the produce business. The three took out insurance policies which would pay off the loan in the event of the death of any one of them. Sometime thereafter Danny Allen went to the bank to make sure that the insurance policies were in order, stating that he believed that someone was going to kill the victim.

Danny Allen testified that the victim had a history of gambling debts, but had cleared these up before they went into business together. Later the victim became involved in gambling again and had accumulated so many debts that the two severed their business ties. Allen denied any involvement in the victim's death.

The defendant testified in his own behalf that he did not kill the victim, and that he was at Allen's garage all afternoon. One witness placed the defendant at the garage between 4:20 p.m. and 5:00 p.m. The defendant denied admitting the crime to Jerry Baxter or making any incriminating statements to the jail trusty. The defendant testified that he had been inside the victim's car shortly before the murder when he was using it to jumpstart his own car.

1. The defendant argues that he should be granted a new trial because of two instances of prosecutorial misconduct. He concedes that he did not object to either of the district attorney's statements that he now complains of, but argues under the authority of OCGA § 17-8-75 that the trial court failed in its duty to *sua sponte* rebuke the prosecutor.

OCGA § 17-8-75 provides in pertinent part that

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. . . .

The defendant first complains of the district attorney's statement during closing argument that "there are no eyewitnesses [to the crime] because [the defendant's] done away with them." Here the district attorney was clearly referring to the undisputed fact that the victim was the only eyewitness to the crime; there were no allegations that the defendant had killed anyone else. The code section in question is designed to prohibit counsel from stating prejudicial facts which are not in evidence. *Taylor v. State*, 121 Ga. 348 (7) (49 SE 303) (1904). However, it is permissible for counsel to draw deductions from the evidence regardless of how illogical and unreasonable, and this is a "matter for reply by adverse counsel, not for rebuke by the court." *Owens v. State*, 120 Ga. 209 (3) (47 SE 545) (1904). Thus it was for defense counsel to reply to the district attorney's deduction that the defendant had killed the victim.

The defendant also complains that while requesting in the jury's presence that it be sequestered, the district attorney stated that this would prevent "Danny Allen from buying two or three of them off." While we cannot condone this comment by the district attorney, we find it highly probable that this remark did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

2. The state called the defendant's wife as a witness at trial for the purpose of testifying that she had recently observed the defendant with a gun. Prior to trial the witness had indicated her willingness to testify against the defendant; the record shows that on the morning she was to testify she indicated to the district attorney that she did not want to testify against her husband, but that she would testify about the gun. When she was called to the witness stand and asked whether she had seen the defendant with a gun, she asked the court whether she had to testify against her husband. The trial court immediately sent the jury from the courtroom. After determining that the witness did not wish to testify, the trial resumed and the state called another witness. After this witness testified the defendant moved for a mistrial on the ground that the state had forced the defendant's wife to invoke her marital privilege in front of the jury. The trial court denied the motion for mistrial.

In *Westbrook v. State*, 162 Ga. App. 130 (290 SE2d 333) (1982), the Court of Appeals held that under normal circumstances the election of one spouse to refrain from testifying against the other should be made outside the presence of the jury. In this case it appears that the witness did not decide whether she would actually testify until she took the stand. Once she raised the issue the trial court immediately took action to prevent the jury from hearing the discussion concerning the marital privilege. Further, we note that the defendant waited until later in the trial to complain about any alleged error in this procedure. Under these circumstances we hold that the trial court did not abuse its discretion in denying the motion for mistrial. *Thaxton v. State*, 260 Ga. 141 (390 SE2d 841) (1990); *Davis v. State*, 234 Ga. 730 (218 SE2d 20) (1975).

3. In qualifying an expert witness to testify the district attorney asked the witness whether he had testified at the trial of Wayne Williams. The defendant objected and the trial court conducted a hearing outside the presence of the jury. During this hearing the defendant moved for a mistrial. The trial court denied the motion, but gave the jury curative instructions. We find the trial court did not abuse its discretion in denying the motion for mistrial. *Ladson v. State*, 248 Ga. 470 (12) (285 SE2d 508) (1981).

4. The defendant contends he was denied his right to an effective cross-examination because the trial court refused to allow him to ask the same question for the fourth time. He argues that each answer the

witness gave differed from the others, and that this bore on the credibility of the witness. However, the record shows that it was the manner in which defense counsel phrased the questions which resulted in different responses each time they were asked. We find no error.

5. The trial court granted the defendant's motion to sever the count of possession of a firearm by a convicted felon from the other two counts, but denied the motion to sever the murder and influencing charges. A bifurcated trial was held. Defendant contends that denial of the latter motion was in error. We find no abuse of discretion. *Johnson v. State*, 257 Ga. 731 (363 SE2d 540) (1988).

6. The defendant points to several instances in the record in which he maintains the trial court expressed an opinion in violation of OCGA § 17-8-57. However, our examination of the record shows that the trial court was merely assigning reasons for its rulings which is not prohibited by OCGA § 17-8-57. *Lobdell v. State*, 256 Ga. 769 (9) (353 SE2d 799) (1987).

7. The officer who interviewed the defendant following his arrest was permitted to read a portion of the waiver of rights form to the jury over the defendant's objection. The defendant argues that this testimony was improper because the officer was not using the document to refresh his recollection. See OCGA § 24-9-69. However, the record shows that the trial court permitted the officer to read that portion of the form containing the *Miranda* warnings which the witness had administered to the defendant for the sole purpose of rebutting the defendant's contention that he had not been advised of his *Miranda* rights. We find no error.

8. We conclude that a rational trier of fact could have found the defendant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore the trial court correctly denied the defendant's motion for directed verdict of acquittal. *Stanley v. State*, 254 Ga. 376 (329 SE2d 500) (1985).

9. Some of the errors alleged by the defendant are raised for the first time on appeal and will not be considered by this court. *Jones v. State*, 258 Ga. 249 (368 SE2d 313) (1988). We have considered all other errors assigned by the defendant and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 1990.

*Walter B. Harvey*, for appellant.
*Timothy G. Madison, District Attorney, Michael J. Bowers, At-*

*torney General, Andrew S. Ree,* for appellee.