## A90A1512. COLQUITT v. THE STATE.
(397 SE2d 164)

SOGNIER, Judge.

Freddie Lee Colquitt was convicted of armed robbery, and he appeals.

1. Appellant contends the trial court erred by admitting a portion of a statement appellant made to police in which appellant referred to his earlier imprisonment. The portion of his statement objected to was appellant's comment that he refused another's suggestion that they rob a bank together because he "just got out of prison" a few months before. Appellant argues that his statement was an admission rather than a confession (in that while stating he participated in the armed robbery, he alleges he did so out of coercion), which distinguishes the case law setting forth the well established principle that "[i]t is no valid ground of objection to the admission in evidence of an

incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense." (Punctuation and citations omitted.) *Williams v. State*, 192 Ga. App. 317, 320 (6) (384 SE2d 877) (1989). We find no merit in this argument. While appellant's statement may not have been a confession, it was nonetheless an incriminatory statement. The fact that the trial court incorrectly referred to appellant's statement as a confession before admitting the challenged portion of the statement does not constitute reversible error since "[w]e have consistently held that a correct decision of a trial court will not be reversed, regardless of the reasons given therefor." (Punctuation and citations omitted.) *Ely v. State*, 192 Ga. App. 203, 205 (4) (384 SE2d 268) (1989).

2. Appellant contends the trial court erred by admitting as evidence of a similar transaction appellant's conviction for armed robbery of a bank in 1981. " 'Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. "However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." [Cit.]' [Cit.]" *Carter v. State*, 192 Ga. App. 726, 729 (8) (386 SE2d 389) (1989). Appellant pled guilty to committing the 1981 robbery, so the first requirement was met. As to the second requirement, the similarities shown by the State's evidence were that in each case appellant robbed a bank with one man; that appellant used a gun and positioned the gun within inches of the tellers' faces; that appellant wore sunglasses and used loud, vulgar, and abusive language; that appellant demanded (in the 1981 robbery) only $100 bills and (in the charged robbery) only $100 and $50 bills; that he threatened the lives of the tellers if they activated any of the alarm devices; that appellant stuffed the bills in the pockets of the jacket he was wearing; that appellant moved down the counter from one teller to the next, robbing each in turn; and that appellant escaped the scene in a car.

Based on these similarities we find no error in the trial court's admission of this evidence. See generally *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631) (1989).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, Desiree L. Sutton, Robert*

*E. Statham, Assistant District Attorneys*, for appellee.