A91A0512. ROSS v. THE STATE.
(406 SE2d 101)

SOGNIER, Chief Judge.

Terry Ross was convicted of burglary, and he appeals.

The evidence adduced at trial showed that on July 27, 1989, Kevin Wayne Little discovered that a storage building behind his residence, in which he worked on race cars, had been forcibly entered, and several items, including a battery charger, an electric drill, and an automobile jack, were missing. Little could not testify precisely when the burglary had occurred because he had not checked the building for two or three days. Latent fingerprints lifted from a disabled car in the yard near the burglarized building were later identified as appellant's by Louis Cuendet, a latent print examiner for the State Crime Lab. A latent palm print was also found, which matched neither that of appellant nor that of Little. Cuendet testified that the prints must have been recent when lifted, because latent prints such as those found on the hood of the car, when exposed to the elements outdoors, would begin to deteriorate almost immediately, and within a day would be almost undiscernible even under the best of atmospheric conditions.

Following a pretrial hearing, the trial court ruled that the State would be permitted to introduce evidence of a similar burglary committed by appellant seven years earlier. At trial Lieutenant Ronnie Sorrells of the Walton County Police Department testified about the prior burglary. In that crime, in which appellant had been implicated by an accomplice and had pled guilty, a residential garage, in which maintenance had been performed on race cars, had been burglarized and a battery charger, jack, and drill taken.

Appellant testified in his own defense, denied having been on Little's property or in the area, and offered no explanation for the presence of his fingerprints on the car.

1. Appellant enumerates the general grounds, arguing specifically

that the fingerprint evidence was insufficient because the State had not proved " 'to the *exclusion of every reasonable hypothesis,* that the fingerprints could only have been impressed at the time the crime was committed. [Cits.]' [Cits.]" *Jeffares v. State,* 162 Ga. App. 36 (290 SE2d 123) (1982). However, that principle applies only when the conviction is based *solely* on fingerprint evidence. Id. Here, other evidence was presented — i.e., the fingerprint evidence in conjunction with the striking similarity of the prior burglary committed by appellant, and appellant's testimony negating any innocent explanation for the presence of his fingerprint. This evidence was sufficient to allow a jury to conclude that the State had carried its burden of negating all other reasonable hypotheses and to authorize appellant's conviction under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Davis v. State,* 194 Ga. App. 902, 903 (1) (392 SE2d 327) (1990).

2. We find no merit in appellant's contention that the trial court erred by admitting into evidence the prior burglary conviction. "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." (Punctuation and citations omitted.) *Colquitt v. State,* 196 Ga. App. 817, 818 (2) (397 SE2d 164) (1990). Appellant admits that he was the perpetrator of the prior burglary, and we find sufficient similarity existed to warrant its admission and that its relevance to show identity was great enough to outweigh its prejudicial impact. Id.

Although we agree with appellant that lapse of time is an important factor to be weighed in considering the admissibility of evidence of prior crimes, see *Campbell v. State,* 234 Ga. 130, 132 (214 SE2d 656) (1975), the time lapse between the two crimes in this case, seven years, is no longer than that in *Mims v. State,* 180 Ga. App. 3, 4-5 (2) (348 SE2d 498) (1986). In *Mims* we approved the trial court's ruling that the prior crime was admissible, stating that "there is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible, [cit.], nor does the lapse of time between the two [crimes] automatically require the exclusion of such evidence. [Cit.]" Id. at 5 (2). See *Rich v. State,* 254 Ga. 11, 14 (1) (325 SE2d 761) (1985) (lapse of 11 years does not make prior crime inadmissible). Accordingly, the trial court did not err by admitting the evidence of the prior crime. *Colquitt,* supra.

3. Appellant maintains the trial court erred by failing to give a contemporaneous instruction to the jury limiting consideration of the

evidence of the prior burglary to its proper purpose. Appellant requested such an instruction, and the trial court refused, stating that it would charge the jury on similar transactions in its regular charge, so as not to highlight that evidence, because he believed "the Court's posture should be not to give the similar transactions testimony any greater weight or highlight it any greater than I would any other testimony." Although the trial court indicated that if appellant could show a precedent or authority for doing otherwise, it would be considered, appellant did not do so. Appellant cites no authority to this court for his contention that failure to give a contemporaneous limiting instruction was reversible error, and we have found none. Given that the trial court instructed the jury fully and correctly in its charge on the limited purpose of that evidence, we find no reversible error in the failure to give a contemporaneous instruction.

4. Following the selection of the jury, appellant challenged, under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the State's use of peremptory strikes to disqualify five of the seven black members of the jury panel. The trial court ruled that no prima facie showing of racial discrimination had been made under *Batson*, but nevertheless, using the procedure approved in *Williams v. State*, 258 Ga. 80, 81 (3) (365 SE2d 408) (1988), required the prosecution to state its reasons for striking blacks from the jury and found that the State's reasons were nondiscriminatory. We find no error. Appellant and the State stipulated that there were seven black potential jurors in the panel of 42 from which the jury was selected, and that there were two black jurors on the jury selected. Accordingly, as the proportion of blacks on the selected jury was identical to that on the panel (16.66 percent), the trial court correctly found that a prima facie case under *Batson* had not been made. Id. See also *Aldridge v. State*, 258 Ga. 75, 76-79 (4) (365 SE2d 111) (1988). "Accordingly, we need not review the trial court's findings with regard to the [S]tate's reasons for exercising its peremptory challenges." (Footnote omitted.) *Williams*, supra.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 3, 1991 —
REHEARING DENIED MAY 28, 1991.

*David F. Dickinson*, for appellant.
*John M. Ott, District Attorney, Alan A. Cook, Assistant District Attorney*, for appellee.