## A91A0047. GORDON v. THE STATE.
(406 SE2d 110)

POPE, Judge.
Defendant Willie Allen Gordon, Jr., was convicted of DUI and obstruction of a law enforcement officer. See OCGA § 16-10-24. He appeals from the denial of his motion for new trial, enumerating as error the denial of his motion for directed verdict as to the obstruction charge. We affirm.

1. Defendant first argues that there was a fatal variance between the allegata and probata as to the obstruction offense, because the indictment in this case charged that the defendant "did . . . knowingly and willfully obstruct James Fouchia of the Gwinnett County Division of Police Services, a law enforcement officer in the lawful discharge of his official duties by spitting on him and scratching him while the officer was attempting to determine his name . . ." and there was no evidence that defendant scratched Officer Fouchia. Officer Fouchia testified that he arrived on the scene after defendant had been arrested and placed in the back of Officer Conner's patrol car. Because defendant was "combative" and threatening to kick out the back window of Officer Conner's car, the officers placed defendant in the back of Officer Fouchia's car, which was an older patrol car that had been loaned to him while his regular car was in the shop. Both officers testified that defendant had refused to provide his name and address and that they had been unable to find any form of identification on him. Fouchia testified he went back to his patrol car to question the defendant again about his name and address and when he opened the back door of the car defendant turned in his direction "and raked the back of his throat and spit in [Fouchia's] face."

Fouchia testified he slammed the car door and cleaned his face and that both he and Officer Conner again approached defendant for the purpose of questioning him about his identity but that defendant became very belligerent. Defendant's identity was not ascertained until the officers were able to identify the car's owner by running a tag check on the car and then looking the owner's name up in the telephone book. The owner of the car was then contacted and she provided the officers with defendant's name and address.

"When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. In view of the conjunctive form of the indictment in [this] case . . ., it was not incumbent upon the State to prove that defendant . . . both [spit on and scratched officer Fouchia. Thus the trial court did not err in denying defendant's motion for directed verdict]." (Citations and punctuation omitted.) *Lubiano v. State,* 192 Ga. App. 272, 274 (1a) (384 SE2d 410) (1989). See *Mathis v. State,* 194 Ga. App. 498, 499 (2) (391 SE2d 130) (1990); *Chapman v. State,* 173 Ga. App. 824, 824-825 (328 SE2d 425) (1985); *Henry v. State,* 154 Ga. App. 120 (1) (267 SE2d 653) (1980); see also *Kelly v. State,* 188 Ga. App. 362, 363 (2) (373 SE2d 63) (1988); *Davenport v. State,* 184 Ga. App. 214 (361 SE2d 219) (1987); cf. *Ross v. State,* 195 Ga. App. 624 (1b) (394 SE2d 418) (1990).

2. Defendant also contends that his action in spitting on Officer Fouchia, although an obnoxious or contemptuous act, did not obstruct the officer in the performance of official duties. We disagree. "The [jury] was authorized to find that [defendant's spitting on the officer while refusing] to identify himself was not merely discourteous, it actually hindered and obstructed Officer [Fouchia] in [the discharge of his official duties]. Therefore, applying the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize a rational trier of fact to find [defendant] guilty beyond a reasonable doubt of the offense of obstruction of an officer." *Bailey v. State,* 190 Ga. App. 683, 684 (379 SE2d 816) (1989). See *Hudson v. State,* 135 Ga. App. 739, 742 (2) (218 SE2d 905) (1975).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 15, 1991.

*D. Warren Auld,* for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.