### A91A0813. WIMBY v. THE STATE.
(407 SE2d 773)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of rape (Count 1), in that, on November 15, 1988, he had "carnal knowledge of the person of [the victim], a female, forcibly and against her will" and aggravated assault (Count 2), in that, on the same day, he assaulted "the person of [the same victim as in Count 1] by striking and beating [her] with an object or instrument which is unknown to the Grand Jurors, said object being an instrument which, when used offensively against a person is likely to result in and did result in serious bodily injury. . . ." Following a jury trial, defendant was convicted on each count of the indictment. He was sentenced to life in prison (on Count 1) and a consecutive term of 20 years (on Count 2). This appeal followed the denial of defendant's motion for a new trial. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in charging the jury that "A person commits aggravated assault when he assaults another person 1, with the intent to murder, rape or rob; or 2, with a deadly weapon or with any object, device or instrument which when used offensively against the person is likely or actually does result in serious bodily injury." In this regard, defendant takes the position that the trial court authorized the jury to convict defendant if they found he assaulted the victim with the intent to rape even though the indictment charged defendant with aggravated assault with a deadly weapon.

We find no harmful error. As in *Ross v. State*, 192 Ga. App. 65, 66 (2) (383 SE2d 627), the trial court in the case sub judice read the indictment to the jury and gave instructions concerning each of the crimes charged; it further instructed that the jury must find defendant guilty of the crimes charged beyond a reasonable doubt. We cannot see how the jury may have been misled into convicting defendant of a crime not alleged in the indictment. Our conclusion in this regard is buttressed by the fact that the indictment was given to the jury during its deliberations.

2. Defendant's contention that the aggravated assault conviction merged with the rape conviction is without merit. The evidence used to support the aggravated assault conviction was not used to prove the force element of the rape. On the contrary, the evidence used to support the aggravated assault conviction was entirely different from the evidence used to support the rape conviction.

An eyewitness testified that defendant had intercourse with the

victim several times; that the victim was unconscious during the entire time; and that between acts of intercourse, defendant beat the victim on the face with an unknown object. Thus, evidence of aggravated assault was not used to show that the victim's will was overcome by defendant. The crimes were separate; they did not merge.

3. The trial court did not err in charging the jury on reasonable doubt. *Cage v. Louisiana*, 498 U. S. ___ (111 SC 328, 112 LE2d 339), cited by defendant is not apposite.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1991 —
REHEARING DENIED JUNE 27, 1991.

*Mark V. Cloud, Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.