## A93A2570. JOHNSON v. THE STATE.
(441 SE2d 508)

BIRDSONG, Presiding Judge.

Kenneth Johnson appeals his conviction for aggravated assault. He contends the trial court erred by giving erroneous charges, by denying his motion for a mistrial, and by denying his request for a limiting instruction. *Held*:

1. Johnson's first enumeration of error alleges "the trial court committed harmful error when it instructed the jury that the State need not prove the allegations in the indictment, but instead could alter the allegations so as to reduce the burden of proof." Review of the charge given by the trial court shows that no such charge was given. Instead, this argument is based on the trial court's instruction that when an indictment alleges a crime was committed in more than one way, proof that the crime was committed in one of the separate ways alleged is sufficient. As this instruction is a correct statement of the law, the enumeration of error is without merit. *Lubiano v. State*, 192 Ga. App. 272, 276-277 (384 SE2d 410); *Chapman v. State*, 173 Ga. App. 824, 825 (328 SE2d 425).

2. The second enumeration of error asserts that "the trial court committed harmful error when it gave erroneous instructions on the law in its final charge to the jury." This enumeration does not set out separately each error relied upon (OCGA § 5-6-40), and, moreover, such a broad allegation of error is too general to present any question for review. A reviewing court has no authority to decide any issue on appeal unless the error is enumerated plainly and specifically. An error "so indefinitely stated as to leave a reviewing court uncertain as to the error complained of can not be considered." *Pepper v. Pepper*, 169 Ga. 832, 833 (10) (152 SE 103).

3. Johnson's third enumeration of error contends that the trial court erred by denying his motion for a mistrial and by allowing the State to make improper, prejudicial comments in closing argument regarding objections by defense counsel and inferences which might be drawn from Johnson's testimony. Although counsel may not argue prejudicial facts which are not in evidence . . . it is permissible for

counsel to draw deductions from the evidence regardless how illogical and unreasonable. *Adams v. State*, 260 Ga. 298, 299 (392 SE2d 866). We find that the prosecutor's arguments regarding Johnson's supervised visitation and his willingness to accept probation falls well within this rule. Moreover, we do not find that the record supports Johnson's allegation that the prosecution argued that appellant's objections were an attempt to hide or conceal evidence from the jury. Further, considering the prosecutor's argument in light of the overwhelming evidence of appellant's guilt, we find that any error was harmless. *Alexander v. State*, 263 Ga. 474, 477-478 (435 SE2d 187). Accordingly, this enumeration of error is without merit.

4. Finally, Johnson alleges the trial court erred by denying his request for a limiting instruction regarding the improper evidence of subsequent difficulties between the victim and Johnson. As the transcript shows that the trial court gave a limiting instruction in its final charge to the jury on the purposes for which this evidence could be considered and it is not error to give the limiting instruction in the final charge, there was no error. *McCann v. State*, 203 Ga. App. 880, 883-884 (418 SE2d 144); *Ross v. State*, 199 Ga. App. 767, 769 (406 SE2d 101). Although Johnson also asserts that the limiting instruction given by the trial court was defective, we cannot consider this issue because it was not enumerated as error. Appellate review cannot be enlarged or transformed to include errors not enumerated. *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507); *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396).

*Judgment affirmed. Andrews, J., concurs. Pope, C. J., concurs specially.*

POPE, Chief Judge, concurring specially.

Although I agree the trial court's judgment should be affirmed, I write separately to comment on the majority's disposition of defendant's second enumeration of error. This enumeration was stated very generally: "The trial court committed harmful error when it gave erroneous instructions on the law in its final charge to the jury." Yet this general enumeration of error was then elucidated by defendant in his brief, in which he set forth specific and detailed arguments challenging two of the trial court's jury instructions.

Under the Appellate Practice Act, an enumeration of error can and often will indicate the subject matter of the appellant's argument " 'only in the most general way.' " *MacDonald v. MacDonald*, 156 Ga. App. 565, 568 (1c) (275 SE2d 142) (1980). "It follows that without the aid of the brief of counsel, this court frequently cannot identify or pass upon the contention which the appellant seeks to urge as cause for reversal. Indubitably, where the error enumerated is not intelligible in itself the brief must make it so, or this court has nothing before

it for decision." *Wall v. Rhodes*, 112 Ga. App. 572 (1) (145 SE2d 756) (1965). See also *MacDonald*, 156 Ga. App. at 566-569 (noting that although every enumeration had to clearly specify the error alleged before passage of the Appellate Practice Act of 1965, courts will now look to the notice of appeal, the record and the brief to ascertain the error complained of).[1] We cannot consider an appellant's argument if he has enlarged or changed an enumeration of error, but we can and should if he states his enumeration in the generality and then presents his argument in his brief with greater specificity. I therefore do not agree that we cannot consider defendant's arguments under his second enumeration of error because they were not plainly and specifically set forth in his enumeration.

Defendant also set forth two assertions of error within one enumeration of error. We have held that because the practice of including more than one assertion of error in a single enumeration of error "creates a fair risk that ambiguity, misdirection, or confusion as to the errors asserted will occur," we may, in the exercise of our sound discretion, elect to treat one or more of the asserted errors as abandoned. *West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567) (1990). Here, there is no risk of ambiguity or confusion because although two errors are asserted under the second enumeration of error, they are clearly delineated and separately discussed as "2A" and "2B." Under these circumstances, I think we should address the merits of both the asserted errors.

Defendant argues in this enumeration of error that the trial court erred in (a) giving an unrequested charge on good character and (b) defining the offense of aggravated assault in his charge to include assault with intent to murder as well as assault with a deadly weapon, even though defendant was only charged in the indictment with assault with a deadly weapon. The trial court did not err in charging on good character because defendant presented evidence of his good character and the instruction given was a correct statement of the law. See *Barfoot v. State*, 173 Ga. App. 461 (326 SE2d 791) (1985). And the allegedly overbroad definition of aggravated assault in the charge was not harmful error, as the trial court read the indictment to the jury, provided the jury with the indictment for its deliberations, and instructed the jury that the indictment formed the issue they were impaneled to decide. See *Wimby v. State*, 200 Ga. App. 217 (407 SE2d 773) (1991). Accordingly, both of the errors asserted in defendant's second enumeration of error are without merit, and I agree that defendant's conviction should be affirmed.

---

[1] *Pepper v. Pepper*, 169 Ga. 832 (152 SE 103), cited by the majority, is a 1930 case.

Decided February 25, 1994.

*Shandor S. Badaruddin*, for appellant.
*Lewis R. Slaton, District Attorney, Nate Dobson, Jr., Vivian D. Hoard, Assistant District Attorneys*, for appellee.