A94A2680. CLAIR v. THE STATE.
(454 SE2d 556)

BIRDSONG, Presiding Judge.

Brian L. Clair appeals his convictions of DUI and speeding. He contends the trial court erred by denying his motion for new trial because his trial defense counsel was ineffective within the meaning of *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674), and because the ruling "was based in part on errors of law concerning issues determined by the trial court." *Held:*

1. It was Clair's burden to establish that his trial defense counsel's performance was deficient and that the deficient performance prejudiced his defense (*Brown v. State,* 257 Ga. 277, 278 (357 SE2d 590)) because there was a reasonable probability that the result of his trial would have been different but for his defense counsel's unprofessional deficiencies. *Baggett v. State,* 257 Ga. 735 (363 SE2d 257). Further, Clair was required to overcome the strong presumption that the representation was effective. *Clarington v. State,* 178 Ga. App. 663, 667 (344 SE2d 485).

Clair's primary argument rests on the trial defense counsel's failure to move to exclude the results of the blood/alcohol test as well as his failure to call an expert witness to challenge the test results. Pretermitting the merits of these arguments, however, the record shows Clair did not request an evidentiary hearing on his motion. A challenge to defense counsel's effectiveness must be made at the earliest possible moment and must be accompanied by a request for an evidentiary hearing on the issue. *Dawson v. State,* 258 Ga. 380, 381 (369 SE2d 897); *Thompson v. State,* 257 Ga. 386 (359 SE2d 664). As Clair did not request an evidentiary hearing on this issue, his claim is waived. *Ray v. State,* 259 Ga. 868, 870 (389 SE2d 326); *Dawson v. State,* supra.

Moreover, even if we were to consider the merits of Clair's claim we would not afford him the relief he seeks. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) *Harris v. State,* 198 Ga. App. 503 (1) (402 SE2d 62). Here, the trial court found that Clair's claims, based on the premise that counsel failed to call an expert witness and failed to

make a motion to suppress, must fail because he had not overcome the presumption that the trial defense counsel's performance was effective and that trial defense counsel's actions were the result of counsel's strategic decision. Since Clair presented no evidence to the contrary, the trial court's findings were not clearly erroneous. Further, "[i]n the absence of testimony to the contrary, counsel's actions are presumed strategic. [Cit.]" *Earnest v. State,* 262 Ga. 494, 496-497 (422 SE2d 188).

2. Clair's contention that the trial court erred by making some unspecified legal ruling cannot be considered because it is too general to support a claim of error. *Pepper v. Pepper,* 169 Ga. 832, 833 (152 SE 103); *Johnson v. State,* 212 Ga. App. 190 (441 SE2d 508) (physical precedent only); *Kelly v. State,* 182 Ga. App. 7, 9 (354 SE2d 647). We note that the trial court refused to consider these unspecified allegations of error for the same reason.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 7, 1995 —
RECONSIDERATION DENIED FEBRUARY 27, 1995 — ▮▮▮▮▮▮▮▮

*William C. Head,* for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Cindi Yeager, Mark A. Basurto, Assistant Solicitors,* for appellee.