## S96A0484. FELDER v. THE STATE.
(468 SE2d 769)

CARLEY, Justice.

Ronnie Felder was tried before a jury and found guilty of malice murder. He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's guilty verdict.[1]

1. The victim was the mother of Felder's two young children. Shortly before the murder, Felder was seen at the victim's residence and, at that time, he was in possession of a gun. A neighbor initially overheard Felder and the victim "talking real loud" and then she heard a gunshot. Only a few minutes later, Felder confronted the neighbor and stated that "somebody had just shot [the victim] through the back door." Felder then left the scene. In a pre-arrest statement to officers, Felder claimed that he had been at a nearby store at the time of the murder and had returned to find the victim's body. At trial, however, Felder testified that the victim had been shot during a struggle between Felder and an armed acquaintance of the

[1] The homicide occurred on April 28, 1994 and Felder was indicted on December 29, 1994. The guilty verdict was returned on May 24, 1995 and the judgment of conviction and life sentence also were entered on that day. Felder's motion for new trial was filed on June 6, 1995 and denied on December 6, 1995. His notice of appeal also was filed on December 6, 1995 and the case then was docketed in this Court on December 19, 1995. On February 12, 1996, Felder submitted his appeal for decision.

victim. The gun which fired the fatal shot was never found. However, a test of Felder's hands showed the presence of gunshot residue.

From this evidence, a rational trier of fact was authorized to find proof of Felder's guilt of the malice murder of the victim beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. One of the officers who questioned Felder was called as a witness for the State. On direct examination, this officer testified that, during the questioning, Felder stated that "there was no gun in his house because he was on parole." Felder moved for a mistrial, contending that the reference to his "parole" was an impermissible comment on his character. The trial court's denial of this motion is enumerated as error.

The State urges that the officer's testimony was admissible as res gestae evidence of the murder itself. However, the reference to "parole" in Felder's statement to the officer did not relate to what had transpired shortly before, during, or shortly after the murder. Compare *Johnson v. State*, 264 Ga. 456, 457 (1) (448 SE2d 177) (1994). That reference was merely explanatory of Felder's exculpatory assertion that he had no gun in his house. Accordingly, the testimony would not be admissible as res gestae evidence of the murder itself. *Duke v. State*, 256 Ga. 671, 672 (1) (352 SE2d 561) (1987); *Walraven v. State*, 250 Ga. 401, 407 (4) (b) (297 SE2d 278) (1982); *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593) (1989).

The State also contends that the officer's testimony was admissible as res gestae evidence of Felder's arrest. However, the officer's testimony did not relate to a contemporaneous "circumstance" of Felder's arrest for the murder, but to a statement made by Felder in the course of pre-arrest questioning regarding the crime. Compare *State v. Luke*, 232 Ga. 815 (209 SE2d 165) (1974).

The State further urges that the officer's testimony was admissible because Felder's reference to his "parole" was made in the context of an inculpatory statement or confession. *Ingram v. State*, 253 Ga. 622, 638 (18) (a) (323 SE2d 801) (1984). It is clear, however, that Felder's statement was exculpatory of his guilt for the murder. Therefore, the reference to Felder's "parole" would not be admissible as a part of an incriminatory statement or confession. *Carter v. State*, 261 Ga. 344, 345 (3) (404 SE2d 432) (1991). Compare *Frazier v. State*, 257 Ga. 690, 697 (14) (362 SE2d 351) (1987); *Ingram v. State*, supra; *Colquitt v. State*, 196 Ga. App. 817 (1) (397 SE2d 164) (1990).

The State makes no further contention that the officer's testimony was relevant and admissible for

> impeachment or for any other proper purpose . . . [and] it is our view that its only purpose was to attempt to show bad

character. In the absence of interjection of the issue of character by the defendant, this evidence was inadmissible. [Cits.]

*Duke v. State*, supra at 672 (1). See also *Carter v. State*, supra at 345 (3); *Walraven v. State*, supra at 407 (4) (b). Even though a mistrial may not have been warranted, the trial court should have withdrawn the testimony from the jury's consideration under proper instructions. See *Crawford v. State*, 256 Ga. 585, 587 (2) (351 SE2d 199) (1987).

However, the trial court's error does not necessarily mandate a new trial. The standard for weighing nonconstitutional error in criminal cases "is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' [Cit.]" *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Under that test, a reversal is not required if the evidence of "guilt is overwhelming in that there is no reasonable probability that the verdict of the jury would have been different in the absence of this error. [Cit.]" *Berry v. State*, 210 Ga. App. 789, 791 (3) (437 SE2d 630) (1993). The State presented a strong case of direct and circumstantial evidence showing that Felder shot the victim with malice aforethought. As against this strong case, Felder raised at trial a defense which was in all material respects inconsistent with his pre-arrest statement. Here, as in *Rigenstrup v. State*, 197 Ga. App. 176, 178 (1) (398 SE2d 25) (1990), the reference to Felder's "parole" does not constitute reversible error, since, "viewing the posture of the entire record, we find that it is highly probable that such error . . . did not contribute to the verdict. [Cits.]" See also *Willis v. State*, 199 Ga. App. 658, 659 (2) (405 SE2d 739) (1991). Compare *Robinson v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1996.

*Jones & Jones, L. Earl Jones, Robert J. Pinnero*, for appellant.
*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General*, for appellee.