S97A0872. ROBINSON v. THE STATE.
(486 SE2d 156)

HUNSTEIN, Justice.

David Robinson was convicted of malice murder, felony murder, burglary and aggravated assault in the death of Irvin Havens. He appeals from the denial of his amended motion for new trial.[1]

1. The jury was authorized to find that on July 20, 1993 Robinson accompanied Caulder and Bell to Havens' home and that Havens was robbed. Three days later, on July 23, Havens was found dead at his home. A glass door in the home had been smashed in by a brick and a piece of rope and a pair of gloves were discovered near the victim's body. The house was in disarray and drops of blood were scattered throughout the house. An eight-inch knife Havens had utilized

---

[1] The homicide occurred on July 23, 1993. Robinson was indicted in Fulton County on June 7, 1994 on charges of murder, felony murder, aggravated assault, and burglary. He was also indicted for a July 20, 1993 robbery against the victim. On February 24, 1995 he was found guilty on all charges related to the July 23, 1993 incident; the jury was unable to reach a verdict on the robbery charge. Robinson was sentenced to life imprisonment. His motion for new trial was filed February 24, 1995, amended July 23, 1996 and January 17, 1997, and denied February 20, 1997. A notice of appeal was filed February 21, 1997. The appeal was docketed in this Court on March 7, 1997 and was submitted for decision without oral argument on April 28, 1997.

as a letter opener was missing from the home. An autopsy revealed that Havens has been strangled but that his death was a result of blunt force injuries to the head. Scrapes on his body indicated that he had engaged in a vigorous struggle before he died.

In the early morning hours of July 23, Robinson was admitted to the hospital with stab wounds in his stomach and left arm. The abdomen wound was caused by a knife with at least a six-inch blade. A week later, Robinson displayed his wounds to Bell and informed Bell that he had returned to Havens' home and that Havens had "cut him with a big knife," and that Robinson had attempted to beat Havens to death. DNA tests revealed that blood at the victim's home matched Robinson's blood. Robinson claimed he was not involved in the incident, maintaining instead that on the way to purchase cocaine he was surrounded by three men and stabbed.

We find the evidence sufficient to enable a rational trier of fact to find Robinson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Our review of the charge given to the jury taken as a whole reveals that the jury was properly instructed as to the State's burden of proof. The indictment charged Robinson with the offense of assault by striking and beating the victim with unknown objects. We find no merit in Robinson's sole enumeration of error that his conviction should be reversed because the indictment charged the particular manner in which he committed the aggravated assault and the trial court improperly expanded the indictment by including that language of OCGA § 16-5-21 whereby a person commits the offense of aggravated assault when he assaults another with the "intent to rob." Robinson contends that the expanded language of the charge permitted the jury to find him guilty of a form of the offense with which he was not charged. We disagree that the overbroad definition of aggravated assault in the charge was error. In instructing the jury, the trial court charged them on the law of malice murder, felony murder, aggravated assault, and burglary. The charge on aggravated assault was given in conjunction with the charge on felony murder and was in substantial conformity with the suggested pattern jury instructions. See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 4 (C) (1) (b) (2nd ed.), p. 91. The trial court read the indictment to the jury and following the charge at issue instructed the jury that they were only authorized to find appellant guilty of the acts alleged in the indictment. The trial court sent the indictment out with the jury, they read each specific charge, and noted their verdict as to each charge on the indictment. See *Wimby v. State*, 200 Ga. App. 217 (1) (407 SE2d 773) (1991); *Ross v. State*, 192 Ga. App. 65 (2) (383 SE2d 627) (1989). Under the cir-

cumstances, giving the pattern charge on aggravated assault was not reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*Megan C. DeVorsey,* for appellant.

*Paul L. Howard, District Attorney, Carl P. Greenberg, Penny A. Penn, Juliette W. Scales, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.