## 71141. HOWARD v. THE STATE.
### (340 SE2d 212)

CARLEY, Judge.

Appellant was convicted on two counts of homicide by vehicle in the first degree under OCGA § 40-6-393 (a). He appeals.

1. Appellant first enumerates the general grounds, complaining that the evidence adduced at trial was insufficient to support his conviction. Specifically, appellant urges that since he was never given a roadside sobriety test, the State failed to present sufficient evidence of intoxication, a major element of the offenses with which he was charged.

Four witnesses testified that they had seen appellant drink beer and/or smoke marijuana shortly before the fatal incident. Two testified that they thought that appellant was drunk. Upon close review of the record, we find that there was sufficient evidence from which a rational trior of fact could find appellant guilty, beyond a reasonable doubt, of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that the trial court committed error with regard to two prosecution witnesses who were allowed to testify as expert witnesses. The contention is that the witnesses were not duly qualified as experts, and that, by charging the jury on the law regarding expert witnesses, the trial court gave undue credence to their

testimony.

This enumeration ultimately rests upon appellant's contention that the trial court erred insofar as it failed to make a specific ruling to the effect that the proffered witnesses were experts. However, such a ruling is not necessary. All that is required is that, after hearing a witness' credentials, the trial court either admit or exclude his testimony. See generally *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 221 (2) (312 SE2d 386) (1983). There is no further absolute requirement that the trial court expressly tell the jury that the witness is "an expert," although, in one instance here, that is exactly what the trial court did. The record shows no unsustained objection to the expert qualifications of either witness. See *Maynard v. Readdick*, 128 Ga. App. 368, 369 (2) (196 SE2d 688) (1973). The trial court did not err in its general charge on expert testimony. See generally *Pritchett v. Moore*, 125 Ga. 406 (2) (54 SE 131) (1906).

3. Appellant contends that the trial court's charge with respect to the crime of driving under the influence of alcohol and drugs was confusing and inconsistent with the allegations of the indictment and the law.

A review of the record indicates that it is the trial court's original instruction enumerating the elements of the crime that appellant alleges to be erroneous. In that instruction, the trial court employed the disjunctive "or" at one point in enumerating the elements rather than the conjunctive "and." However, upon subsequent questioning by the jury, the trial court did give instructions which comport with appellant's contentions regarding the conjunctive nature of the elements of the crime for which he was being tried. Accordingly, even assuming that the original charge may have been inaccurate in the manner alleged by appellant, the subsequent recharge clarified the issue and corrected any error. See *Loomis v. State*, 78 Ga. App. 336, 347 (2f) (51 SE2d 33) (1948).

4. Appellant argues that the trial court erroneously gave the jury what was in effect an *Allen* charge prior to the beginning of its deliberations. This, according to appellant, denied him a fair trial by causing the jury to rush to its conclusion. A review of the language in the contested charge indicates that the trial court did not suggest which party should prevail, only that the jury should reach *some* verdict if it could. That the jury did not feel pressured by the charge is evidenced by the fact that it returned sometime later for further instruction. Appellant also specifically contests the trial court's general comment that "[w]e don't want to try this case again." We do not find that the challenged instructions of the trial court require reversal in this case. See *Adams v. State*, 255 Ga. 356, 358 (4) (338 SE2d 860) (1986).

5. Appellant asserts that, in several respects, the trial court's jury charge gave undue weight to the verdict of guilty of homicide by vehi-

cle in the first or second degree as opposed to a verdict of not guilty. We have reviewed the record and the language used by the trial court. No reversible error is evidenced thereby.

6. Appellant lastly enumerates that the trial court erred when it gave the following charge: "I further charge you that when a witness testifies that a person's under the influence of alcohol, the witness is testifying as to a *fact*, and is *not giving an opinion*." (Emphasis supplied.) Appellant contends that this charge constitutes an erroneous statement of the law, and, as such, put undue weight on what was, in truth, *opinion testimony*.

In a case of driving under the influence, this court recently held that a charge, virtually identical to the instant one, was improper. "Such testimony [as to intoxication], while admissible, clearly constitutes an opinion of the witness. . . ." *New v. State*, 171 Ga. App. 392, 393 (319 SE2d 542) (1984). Even more recently, this court has specifically overruled a number of "cases insofar as they stand for the proposition stated in the contested jury charge." *Luke v. State*, 177 Ga. App. 518 (2) (340 SE2d 30) (1986). Accordingly, the instruction is clearly erroneous. As to the question of harm to appellant there is no substantial difference between *New*, supra, and the case at bar. Appellant's intoxication, at least to the point of being rendered a less safe driver, was one of the elements of the offense for which he was being tried. With regard to the threshold question of intoxication, the jury was erroneously instructed to consider what was the ultimate personal conclusion of the witnesses as a statement of the existence of the objective fact of appellant's intoxication. "Because the charge as given could easily have misled the jury to the defendant's prejudice, reversal of the conviction is required. [Cit.]" *New v. State*, supra at 393.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1986 —
REHEARING DENIED JANUARY 28, 1986.

*Jeffrey R. Sliz*, for appellant.
*Timothy G. Madison, District Attorney, David Motes, Assistant District Attorney*, for appellee.