76618. DAVISON'S AUTO SERVICE COMPANY, INC. v.
SECURITY INSURANCE COMPANY OF HARTFORD.
(369 SE2d 538)

DEEN, Presiding Judge.

A Nissan automobile was stolen while leased to a female customer of Terry Brantley Greenbrier Rental & Sales, Inc. (Brantley), an Atlanta firm and an insured of appellee Security Insurance Company of Hartford (Security). When the lessee notified Brantley that the car had been stolen, Brantley notified Security, collected the insured value less the deductible, and signed ownership of the vehicle over to Security.

In the meanwhile, only a few days after the automobile had been leased and then stolen, a man apparently using a pseudonym brought a badly damaged automobile, subsequently identified as the one stolen from Brantley's lessee, to be repaired by appellant Davison Auto Service Co., Inc. (Davison), an Augusta, Ga., business. A Davison official testified by deposition that he had told the man who brought in the damaged car that, while he could not give him an off-the-cuff estimate, the repairs would be extensive and therefore costly, and suggested that an insurance claim be filed. According to this official, the customer said that he did not wish to file a claim and requested that Davison telephone him when the repairs were completed. Davison was unable to reach the customer at the telephone number he had given and ultimately learned that the number was not in service. The customer apparently made no effort to communicate with Davison, and after a few weeks Davison inquired of the Augusta police and learned that the car had been stolen and was registered in Brantley's name. The testimony is unclear as to whether it was Davison or the police who first notified Brantley of the car's whereabouts and just when such notification was accomplished. According to Davison, it informed Brantley that a bill amounting to approximately $2,000 in repairs and storage charges would have to be paid before the car could be released.

Security filed an action against Davison demanding possession of the vehicle, and Davison answered and counterclaimed for the amount of the repairs and storage. Davison did not institute foreclosure proceedings on its mechanics' lien. Security then moved for summary judgment, praying for possession of the vehicle plus attorney fees and costs, and alleging that neither Brantley nor anyone connected with the business authorized repairs to the vehicle; that in order to sustain a mechanics' lien a valid debt must exist; and that

Davison failed to institute foreclosure proceedings on his mechanics' lien within the statutory ten days, OCGA § 40-3-54 (b), and therefore forfeited any purported mechanics' lien. The trial court, granting summary judgment "in favor of plaintiff on its complaint and against defendant on its counterclaim," ordered immediate delivery of the vehicle and its keys and taxed all costs against the defendant. Davison appeals, alleging that the trial court did not construe the evidence and all inferences therefrom against the movant, Security, as required by OCGA § 9-11-56; and alleging, *inter alia*, that Security was not the owner of the automobile and that Brantley had engaged in fraudulent dealing (1) by "setting up" the alleged thief to bring the automobile to Davison for repairs and (2) by accepting Security's money after having been informed of the whereabouts of the stolen car. *Held*:

Our scrutiny of the entire record, including the affidavits and depositions, reveals no merit in Davison's enumeration and allegations. The evidence was not such as to raise a jury issue, and the trial court therefore properly granted summary judgment to appellee. OCGA § 9-11-56 (e).

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 20, 1988.

*Terrance P. Leiden*, for appellant.
*James W. Purcell*, for appellee.