## 47016. BROWN v. THE STATE.
### (383 SE2d 882)

WELTNER, Justice.

Valdez Brown, sixteen years of age and with a below-average intelligence, shot and killed Katrina Brown with a handgun. He was indicted for murder, tried by a jury and found guilty. He was sentenced to life imprisonment.[1]

The record shows that Brown and a friend attended a high school football game. When the game was over, Brown and his companion left the stadium and walked along a sidewalk following the victim and several of her friends. Earlier, Brown was heard to say that he was going to shoot at the victim. The victim and her friends crossed to the opposite side of the street, and continued to walk ahead of Brown and his friend. First, Brown fired the pistol into the air, and permitted his friend to do the same. Brown then fired the pistol into the ground, and finally fired a fatal shot into the victim. Brown fled the scene and discarded the pistol. When police investigators went to Brown's home, he was absent. Later Brown, accompanied by his mother, appeared at the police station, was advised of his *Miranda* rights, and executed a document entitled "Waiver of Counsel by Defendant in Custody." The waiver contained a recitation of the *Miranda* rights of which Brown already had been advised. Brown's mother remained with him throughout a one-hour interview, during which Brown acknowledged firing the shot that struck the victim. He denied any intent to harm

---

[1] The crime was committed on October 21, 1988, and Brown was indicted on January 4, 1989. He was found guilty on March 1, 1989. His motion for new trial was filed on March 10, 1989, and was denied on March 30, 1989. His notice of appeal was filed on April 6, 1989. The appeal was docketed in this court on April 24, 1989, and was submitted without argument on June 20, 1989.

her.

1. From the evidence in this case, a rational trier of fact could have found Brown guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Brown contends that his statement was not given freely, voluntarily, and knowingly because he was not advised of his *Miranda* rights, and because he did not possess the mental capacity to understand them. The trial court conducted a *Jackson-Denno* hearing at which Brown, his mother, a psychologist, and two police officers testified. The trial court also considered a written report from a psychologist from Central State Hospital. It found that Brown had been advised of his rights; that he understood them; and that his statement was given freely and voluntarily. The trial court went on to observe that Brown's statement was exculpatory, and that if the statement had been the only evidence against Brown, he would have been entitled to a directed verdict of acquittal.

(b) "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985). " ' "The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." [Cit.]' " *J. E. W. v. State*, 256 Ga. 464, 467 (349 SE2d 713) (1986). The trial court's ruling was not clearly erroneous.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 29, 1989.

*Gifford & Buafo, Althea L. Buafo,* for appellant.

*Willis B. Sparks III, District Attorney, Charles H. Weston, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.