A90A1584. GADSON v. THE STATE.
(398 SE2d 409)

BIRDSONG, Judge.

Eugene Gadson a/k/a Eugene Gaston appeals his judgment of conviction of armed robbery and his sentence as a recidivist.

Appellant and another man entered a Circle K store and committed an armed robbery therein. A Circle K employee made an in-court identification of appellant, and a hidden camera took pictures of the perpetrators during the crime. *Held*:

1. Appellant asserts the trial court erred in allowing his statement into evidence over objection. Appellant argues that the statement was not voluntary because the police promised to speak to the district attorney and recommend a lesser sentence if appellant would reveal the name of a co-accomplice. See generally *Johnson v. State*, 238 Ga. 27 (1) (230 SE2d 849).

The trial court found, inter alia, that appellant was advised of, understood, and voluntarily waived each of his *Miranda* rights; "he thereafter gave his statement freely and voluntarily *without any hope of benefit or fear of injury*." (Emphasis supplied.) The trial court then expanded its remarks to state that the *alleged* promise to help was in consideration of appellant revealing the name of the co-accomplice "and not of confessing himself"; and, that "the detective or detectives promised that they would let the district attorney know of [appellant's] cooperation in identifying this other person in hopes that that might get [appellant] a reduced sentence, and but [sic] *without any promise that it would or that they had authority to make any specific promise of leniency*. In other words, they'd be the courier of the information to the district attorney." (Emphasis supplied.)

Findings by the trial court, as to factual determinations and credibility relating to the admissibility of a confession, will be upheld on appeal unless clearly erroneous. *Brown v. State*, 259 Ga. 453 (2) (b) (383 SE2d 882). Existence of conflicting evidence at a *Jackson-Denno* hearing as to whether and why a given promise occurred does not automatically cause the trial court's findings to be clearly erroneous that the confession was freely and voluntarily given. Compare *Thomas v. State*, 259 Ga. 202 (3) (378 SE2d 686). In determining whether the trial court's ruling regarding the voluntariness of a confession was clearly erroneous, an appellate court may look to all the evidence contained in the record. See *Robinson v. State*, 194 Ga. App. 432, 433 (2) (390 SE2d 652).

The case sub judice is distinguishable from *Johnson*, supra. Although contested by appellant, the detectives testified appellant made an oral confession regarding his own complicity in the crime *before* appellant subsequently inquired of one of the detectives whether the police would speak to the district attorney in his behalf if appellant revealed the identity of his co-accomplice. Although one detective apparently agreed to inform the district attorney's office of appellant's cooperation, the detective testified that he informed appellant that "we make no promises or anything," and that it was made "abundantly clear" to appellant that we "do not make deals." Moreover, appellant's subsequently written statement contains the following printed information, "I declare that the following voluntary statement is made of my own free will without promise of hope or reward."

Reviewing the record in its entirety, we are satisfied that the trial court's ruling that appellant's statement was freely and voluntarily given was not clearly erroneous. The trial court did not err in admitting the statement in evidence.

2. Appellant asserts that the trial court erred in forcing him to trial in prison garb. The record reflects that the court observed appellant's state of dress and that an effort was made by the deputy sheriff to obtain other clothes for appellant, but that "no one was home." Appellant was dressed in an olive drab shirt and pants, described by the trial judge, without exception by appellant, as "army fatigues." The trial court further stated for the record, also without exception, that the clothes were bought from the local army-navy store, and that it was not typical prison garb. In addition appellant was wearing plastic "flip-flop" shoes, which were not "very visible." The trial court offered to adjourn court if appellant's counsel could get appellant other dress. Appellant thereafter requested no continuance for this purpose. Appellant's clothing has not been shown to be distinctively evident as prison garments either by the design thereof or by markings thereon; accordingly, appellant has failed to show error as enu-

merated. *Hayslip v. State*, 154 Ga. App. 835 (1) (270 SE2d 61); compare *Kerr v. State*, 194 Ga. App. 604 (3) (391 SE2d 449).

3. Appellant asserts that the trial court erred by admitting in evidence photographs showing appellant in the store, apparently during the robbery, without laying a proper foundation for admission thereof. Specifically, appellant asserts that the camera used to take the photographs was a video camera and, accordingly, foundation had to be shown in accordance with the precedent of *Allen v. State*, 146 Ga. App. 815 (247 SE2d 540). The trial record does not establish that the camera used was in fact a video camera. Moreover, even if a video camera was employed, the pictorial evidence subject to this enumeration of error is still *photographs* and are not video tapes of the crime scene either with or without a sound track. *Allen*, supra, is a distinguishable case involving the attempted introduction of certain videotape, and does *not* involve the introduction in evidence of a still photograph. In *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316), the Supreme Court held, "[a] photograph is authenticated by showing it is a fair and accurate representation of the scene depicted. [Cit.] Any witness who is familiar with the scene depicted can authenticate the photograph; it is not necessary that the witness be the photographer or even that the witness have been present when the photograph was taken. [Cit.] Hence, it was not necessary . . . that a chain of custody have been established for certain photographs admitted in evidence in this case." The photographs in the case sub judice were adequately authenticated and a foundation established for their admission in evidence through the testimony of the Circle K employee who was present at the time of the robbery and was an eyewitness to the crime. There was no error in the introduction of the photographs. Appellant's other assertions in this enumeration of error likewise are without merit.

4. Appellant asserts the trial court sentenced him improperly. During the sentencing proceeding, appellant objected to the admission of certain indictments which show on their face that appellant had pled guilty to various criminal offenses. Appellant relies upon *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831), holding that "[a] plea of guilty that is invalid under *Boykin [v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274)] may not be used to enhance punishment in a subsequent trial," and "once the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver." Compare *Bowens v. State*, 194 Ga. App. 391 (2) (390 SE2d 634). In most cases, a transcript of the plea colloquy will be sufficient to resolve the issue of voluntariness. *Pope*, supra at 210.

Although the State made an admission in judicio, during a post-trial hearing that "the next day I came down to [the trial judge's]

office [apparently ex parte] and said it appeared [counsel for appellant] was correct, that the sentence was in essence void for lack of evidence," it has asserted on appeal, citing *Jones v. State*, 161 Ga. App. 620 (4) (288 SE2d 795), that the certified copies of the indictments were adequate to meet its burden of proof. The facts of this case are distinguishable. In *Jones*, supra at 623, the accusation recited on its face that appellant was " 'advised . . . of his constitutional rights. . . .' " The indictments in this case contain no similar recitation. Moreover, in *Pope*, supra, the exhibits showed on their face that appellant had pled guilty and it was clear that appellant had been represented by counsel. The facts of this case are closely aligned with those in *Pope*. Further, appellant timely objected to the admission of the indictments at the sentencing hearing, thus this case also is unlike *Mincey v. State*, 186 Ga. App. 839 (4) (368 SE2d 796) where appellant failed to raise the issue in the trial court.

We find that the trial court erred in considering the evidence of appellant's prior guilty plea offenses, over appellant's objection, when the State had not met its burden of proof. *Pope*, supra at 210. Accordingly, although the judgment of conviction is free from prejudicial error, the sentence must be reversed and the case remanded for hearing on the issue of whether the guilty pleas were freely and voluntarily made. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; OCGA § 15-2-8 (2); see *Pierce v. State*, 238 Ga. 126, 128-129 (231 SE2d 744) (remand for hearing on voluntariness of confession issue); compare *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (remand for in camera proceedings to determine scope of confidential informant's testimony).

*Judgment of conviction affirmed; sentence reversed and remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 18, 1990.

*Charles C. Grile*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *John T. Garcia*, Assistant District Attorney, for appellee.