A92A0160. McCANN v. THE STATE.
(418 SE2d 144)

POPE, Judge.

Defendant James Rann McCann was convicted by a jury of rape, aggravated sodomy, and aggravated assault. He appeals his convictions and the denial of his motion for new trial.

The evidence adduced at trial reveals that on April 1, 1990, defendant allegedly broke up a fight between the victim and one or two unidentified men. It is undisputed that the victim was under the influence of alcohol and Valium at this time. The defendant, who had never met the victim prior to that evening, took the victim to his home where she had several more drinks with defendant, his wife, family members and friends.

Subsequently, defendant and two of the men at his house left in the defendant's car purportedly to drive the intoxicated victim to her home several blocks away. Instead of driving the victim home, however, the defendant drove her to an open area near the river, next to a lumber dump and ordered the victim to get out of the car and disrobe. When the victim did not immediately respond, the defendant struck her across her face breaking her jaw and blackening her eye. Defendant then tore the victim's clothes off, pushed her against the car and forced her to have oral sex with him. He then placed his penis inside her vagina, and at some point the victim and defendant ended up on the ground. Defendant also tried to sodomize the victim anally. The other men took no part in the assault. The men then left in the defendant's car leaving the victim alone in the woods. They returned a short time later when the defendant realized he had lost his gun and wallet in the woods. After the victim begged to be taken home, the defendant decided to give her a ride to town. On the way to the

victim's house, the defendant stopped at a gas station to get gas. When the defendant went inside the station to get something to eat, the other men let the victim out of the car because she said she wanted "to get a beer" as a ruse to seek help. When the defendant left the store and the victim was alone, the clerk asked the victim whether anything was wrong. At that point, the victim told the clerk she had been raped. Defendant, who had returned to his car, then drove off from the gas station "squealing" his tires.

Although the defendant's wife and the other people at his home initially signed statements corroborating defendant's version of the evening, the witnesses later changed their statements to corroborate the victim's testimony, claiming that they had initially lied because they were afraid of defendant. The victim's testimony was also inconsistent with her original statement to the police, presumably because she was grossly intoxicated throughout the incident. However, the victim never had any doubts that the individual who raped her had a large build and was covered with tattoos. Evidence at trial revealed that the defendant's body was covered with 29 tattoos. Physical evidence collected at the crime scene consisted of the victim's broken hair brush and broken necklace, a part of her false teeth which had broken off when she was struck by the defendant, and a cigarette pack of the same brand as defendant's. During trial, two other witnesses testified as to the circumstances of their rapes by defendant 12 years earlier in Phenix City, Alabama. Evidence about a third rape conviction in 1972 was not introduced at trial because the State was unable to provide similar transaction testimony at trial.

1. Defendant first argues the trial court erred by allowing evidence at trial of two prior rapes committed by defendant in Phenix City, Alabama, because during the pretrial hearing on the admissibility of evidence of the prior crimes, the prosecuting attorney stated in his place what the prior crime evidence would show. Defendant contends that the State should have been required to present testimonial evidence at the pretrial hearing because the prosecuting attorney's testimony was inadmissible hearsay. We disagree. Uniform Superior Court Rule 31.3 (B) " 'clearly grants the trial court discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, nor any mandatory obligation to produce testimonial evidence.' " *Loyd v. State*, 202 Ga. App. 1, 2 (1) (b) (413 SE2d 222) (1991). "The trial court's finding of sufficient similarity based on the prosecutor's statement of what he expected to show at trial was proper. [Cit.]" *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991). Thus, this enumeration of error is without merit.

2. During his trial, defendant moved in limine to have the court order that defendant's guilty pleas to the prior rapes in 1978 not be offered into evidence because the guilty pleas were obtained under

false pretenses through ineffective assistance of counsel and were not freely given after a knowing waiver of rights. Relying on *Pope v. State*, 256 Ga. 195 (17) (345 SE2d 831) (1986) and *Gadson v. State*, 197 Ga. App. 315 (398 SE2d 409) (1990), defendant contends that the State must prove a valid wavier for whatever purpose the State intends to use a prior guilty plea, including the introduction of similar transaction evidence. Because the State did not meet this burden in this case, defendant argues, the trial court erred in allowing exemplified copies of his guilty pleas into evidence.

Pretermitting the substantive issue raise by defendant, we first note that contrary to defendant's claim that he pled guilty to both of the previous rapes, the record indicates that defendant was convicted by a jury as to the first of the 1978 rapes and pled guilty as to the second. Thus, the trial court did not err in admitting into evidence the exemplified copy of defendant's jury conviction in the first 1978 rape prosecution. Furthermore, we note that although defendant's counsel raised the issue of intelligent and voluntary waiver with respect to the guilty pleas during the motion in limine, defendant later admitted under oath at trial as part of his defense that he did commit both of the 1978 rapes. Defendant's admission waived any right he may have had to contest the validity of his prior guilty plea.

Addressing the substantive issue raised by defendant on appeal, we reject defendant's argument that the requirements of *Pope* and *Gadson* should be extended to include any instance where the State intends to use a prior guilty plea in a criminal prosecution. The holdings of *Pope* and *Gadson* specifically apply to the State's introduction of a prior guilty plea during the sentencing portion of a criminal prosecution, and we will not extend the holdings in the manner suggested by defendant. It is well settled that in order for similar crime evidence to be admissible there must be "*some evidence* establishing that the independent crime was committed by the defendant. The evidence may be circumstantial but it must be more than mere speculation. [Cits.]" (Emphasis supplied.) *Chastain v. State*, 260 Ga. 789, 790 (3) (400 SE2d 329) (1991). The defendant's guilty plea to one of the 1978 rapes, his conviction by a jury as to the second of the 1978 rapes, and his admission that he committed both of the prior rapes constituted sufficient proof that defendant was in fact the perpetrator of the similar crimes. See *Terry v. State*, 259 Ga. 165 (1) (377 SE2d 837) (1989). Thus, this enumeration of error is without merit.

3. Defendant also raises a substantive challenge to the similarity of the prior crime evidence. Because defendant admitted committing the two prior offenses, we must only look to see if there exists sufficient similarity or connection between the prior crimes and the offenses charged that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

The testimony of one of the victims of the prior rapes revealed that the victim had been riding in a car with a group of girls which was stopped at a service station. Defendant and another male noticed the girls at the station, chased them in defendant's car, and forced the girls to stop their vehicle. The defendant then abducted the victim from her car at gunpoint, forced her into defendant's car, drove her to a garbage dump in the woods, and ordered her to disrobe. The defendant pushed the victim against the car and forced her to have vaginal sex with him. He then grabbed her neck and shoved her to the ground where he raped her again. When the defendant was through, he drove the victim to her friend's house and sped off in his car with his wheels "spinning." Thus, although there were some dissimilarities between the two incidents, there were also significant similarities. In both incidents defendant abducted a stranger, took her to an isolated area in his car, forced her to have sex against his car and on the ground in the presence of another person, exerted physical force against the victim, allowed the victim to get back in his car and left the victim with his wheels spinning.

The testimony of the second victim of the prior rapes revealed that the victim was abducted by the defendant early in the morning in the parking lot of a nightclub. Defendant forced the victim to walk back to the nightclub. As she did, she stumbled and the defendant pulled her up, struck her on the left side of the face bruising her jaw and blackening her eye so that her injuries looked almost identical to those of the victim in this case. The witness was taken to a remote cabin in the woods where the defendant forced her to have oral and vaginal sex with him. When the defendant was through, he dropped her off at a gas station and left the scene "peeling" his tires. Thus, as in this case defendant abducted a stranger, took her to an isolated area in a car, struck the victim causing injuries to her eye and jaw, forced the victim to have oral and vaginal sex, allowed the victim to leave the crime scene with him and sped away with his wheels spinning.

" 'The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.' [Cit.]" *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292) (1991). We agree with the trial court that a sufficient similarity existed between the crime charged and the other rapes, such that proof of the latter tended to proved the former. Thus, the trial court did not err in allowing the similar transaction evidence. See *McGowan v. State*, 198 Ga. App. 575 (2) (402 SE2d 328) (1991).

4. After the two witnesses testified as to the circumstances of their rapes, defendant requested the trial court to give the jury limiting instructions on the use of the similar transaction evidence. The trial court ruled that it would give limiting instructions in its final

charge to the jury, but it did not see any point in giving it contemporaneously. Defendant asserts on appeal that the trial court's failure to give limiting instructions immediately after the introduction of the similar transaction evidence was error. It is well settled that "[w]hen evidence admitted for one purpose is potentially unfairly prejudicial to a party, that party is entitled to have the court instruct the jury to limit its consideration to the one purpose for which the evidence is admissible. [Cits.]" *Davis v. State*, 260 Ga. 338, 339 (393 SE2d 260) (1990). However, defendant has failed to cite any precedent which would require the trial court to give a limiting instruction immediately after the admission of similar transaction evidence in the manner requested by defendant, nor has he raised any arguments which would persuade this court to establish such a rule at this time. Although it is better practice for the trial court to give such limiting instructions immediately after the admission of similar transaction evidence, "[g]iven that the trial court instructed the jury fully and correctly in its charge on the limited purpose of that evidence, we find no reversible error in the failure to give a contemporaneous instruction." *Ross v. State*, 199 Ga. App. 767, 769 (3) (406 SE2d 101) (1991).

5. Defendant lastly enumerates as error the trial court's consideration of defendant's guilty pleas in the 1978 rapes when sentencing defendant because the State did not establish that the pleas were made freely, intelligently, voluntarily and with a knowing waiver of related rights. However, defendant raises this argument for the first time on appeal and "[g]rounds which may be considered . . . on appeal are limited to those which were raised at trial. [Cits.]" (Punctuation omitted.) *Haynes v. State*, 199 Ga. App. 288, 292 (6) (404 SE2d 585) (1991). We also note that as discussed in Division 2 of this opinion, defendant pled guilty to only one of the 1978 rapes. Thus, the trial court did not err in considering defendant's prior jury conviction in sentencing defendant. Moreover, as also noted in Division 2 of this opinion, defendant admitted during trial that he committed both of the prior rapes. For the reasons stated above, the trial court did not err in considering defendant's prior guilty plea in sentencing the defendant. Accordingly, this enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 9, 1992.

*Robert G. Jones III*, for appellant.

*Douglas C. Pullen, District Attorney, Peter B. Hoffman, Assistant District Attorney*, for appellee.