### A92A0329. HAIRE v. SUBURBAN AUTO BODY, INC.
(418 SE2d 163)

SOGNIER, Chief Judge.

Scott Haire brought an action against Suburban Auto Body, Inc. (Suburban) to recover his car, which had been retained by Suburban pending satisfaction of a repair bill pursuant to OCGA § 40-3-54. Suburban answered, asserting defenses of failure to state a claim, unjust enrichment, and laches. A jury returned a verdict in favor of Suburban for $5,064 but granted possession of the car to Haire "upon payment." Haire appeals from the judgment entered thereon.

The evidence at trial showed that appellant brought the car to appellee in October 1989 after it had sustained damage in a collision. After appellant rejected the initial estimate of the cost of repair as being too high, an adjustment was made, but conflicting evidence was adduced as to whether the adjustment consisted of appellee's agreement to perform only certain basic repairs for a total charge of $1,000, as asserted by appellant, or to reduce its charges by $1,000 for a total charge of over $5,000, as claimed by appellee. In May 1990, after the car had been in appellee's possession for several months and the repairs completed, appellee's body shop manager telephoned appellant to inform him that the car was ready and the bill was approximately $5,163. Several months later appellant received a bill for $5,160.24 which included a notice that storage charges of $15 per day would begin to accrue. In September 1990, appellant hand delivered a letter to appellee disputing the amount charged and demanding the return of his car. When appellee refused to release the car, appellant filed this action.

1. Appellant first contends the trial court erred by denying his motion for a directed verdict as to his trover claim. We agree and reverse.

Appellee based its retention of appellant's car on its assertion of a mechanic's lien for the work done and materials furnished pursuant to OCGA § 40-3-54. Subsection (a) of that statute provides in pertinent part that such a lien may be asserted in several ways, including retention of the vehicle, until the lien is paid or satisfied through foreclosure. However, subsection (b) provides that "[i]f possession is retained . . . the owner-debtor may contest the validity of the amount claimed to be due by making written demand upon the lienholder. If upon receipt of such demand the lienholder fails to institute foreclo-

sure proceedings within ten days where possession has been retained, . . . the lien is forfeited." In this case, because appellant contested the validity of the amount claimed to be due and it is undisputed that appellee failed to institute foreclosure proceedings within ten days, appellee's lien was forfeited. See *Davison's Auto Svc. Co. v. Security Ins. Co.*, 187 Ga. App. 220-221 (369 SE2d 538) (1988).

Although the trial judge recognized that the lien had, indeed, been forfeited because of appellee's inaction and initially granted appellant's motion for a directed verdict as to possession, the trial judge later reversed that ruling sua sponte and denied appellant's motion. This was error. Although appellee may have had a claim against appellant for payment of the repair bill, the clear language of OCGA § 40-3-54 (b) providing for forfeiture of the lien under these circumstances can mean only that appellee's retention of appellant's car was unlawful. It follows that appellant was entitled to immediate possession, and the trial court erred by denying appellant's motion for a directed verdict on this issue.

Because the jury erroneously determined that appellant was not entitled to possession upon the forfeiture of appellee's lien, it did not award appellant a sum representing the reasonable hire of his car for the time period from September 28, 1990, when appellee's lien was forfeited, until the date upon which the car was returned to appellant's possession. See generally OCGA § 44-12-151 (3). Accordingly, a new trial must be held on this issue.

2. Appellant next enumerates as error the trial court's denial of his motion for a directed verdict as to appellee's claims for setoff and recoupment. Appellant argues that as appellee's answer did not contain a counterclaim, appellee had no right to recover a monetary amount from appellant, and the trial court based its ruling allowing appellee a setoff on an inapplicable statute.

"[S]etoff and recoupment are counterclaims and not defenses. [Cit.]" *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748 (1) (278 SE2d 448) (1981). Further, in this case, since appellee's claim for the cost of repairs, either under an oral contract or quantum meruit, arose from the same transaction which formed the subject matter of appellant's claim against appellee, it was a compulsory counterclaim. OCGA § 9-11-13 (a). In its answer, appellee denominated all of its claims as defenses, not as counterclaims. Appellee did not attempt to amend its pleadings to add a counterclaim, and in any event this court has held that compulsory counterclaims may not be added by amendment where the defendant has knowledge of the claims at the time the defensive pleadings were prepared and filed in the first instance. *Swim Dixie Pool Corp.*, supra at 749 (1).

However, OCGA § 9-11-8 (c) provides that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim

as a defense, the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation." The consolidated pretrial order, signed by both parties, recites that appellee was asserting a claim against appellant for recovery of cost of repairs and materials. Given that language in the pretrial order and the prayer in appellee's answer for "judgment against [appellant] for all repair costs made to his automobile plus storage fees incurred," under the standard set forth in OCGA § 9-11-8 (c) we hold that the trial court correctly construed appellee's answer, under notice pleading, as asserting this compulsory counterclaim.

We agree with appellant that in denying his motion the trial court erroneously applied OCGA § 44-12-154 to the facts sub judice. That statute pertains only to the right of a vendor holding title until purchase money is paid to set off his claim against the vendee when an action is brought by the vendee to recover personal property. Nonetheless, because we construe appellee's claim to include a counterclaim for the cost of repairs and materials, we agree with the trial court that the issue of setoff and recoupment was properly for the jury. The trial court did not err by denying appellant's motion for a directed verdict as to setoff and recoupment. However, after a new trial is held regarding the amount owed by appellee to appellant for reasonable hire of appellant's car during the time it was unlawfully held by appellee, any amount awarded appellee by the jury in this case on its counterclaim for cost of repair must be set off against the sum awarded appellant as hire.

3. Because it will recur at retrial, we note that we agree with the trial court that, contrary to appellant's contention, the date upon which appellee's lien was forfeited is the proper date from which the jury must calculate the amount owed to appellant for reasonable hire.

*Judgment affirmed in part, reversed in part, and case remanded. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992.

*H. Darrell Greene & Associates, H. Darrell Greene, Paul Shimek III*, for appellant.
*James E. Sherrill*, for appellee.