A92A0280. MANTEGNA v. PROFESSIONAL AUTO CARE, INC.
et al.
A92A0281. PROFESSIONAL AUTO CARE, INC. v. MANTEGNA.
(419 SE2d 43)

JOHNSON, Judge.

Michael N. Mantegna (Mantegna) sued Professional Auto Care, Inc. (PAC), Airport Parking Venture I (APV) and Alexander Lostocco (Lostocco) on a written contract for legal services. The case was tried without a jury. At the close of Mantegna's evidence, the court denied PAC's motion for a directed verdict and granted motions for directed verdict as to APV and Lostocco. At the close of all the evidence, the court entered judgment in favor of Mantegna and against PAC, without making findings of fact. The court awarded damages to Mantegna, but no attorney fees. Mantegna appeals from the judgment and the denial of his motion for a new trial and PAC cross-appeals.

*Case No. A92A0280*

1. Mantegna's first two enumerations assert that the trial court erroneously granted involuntary dismissals as to APV and Lostocco. These enumerations are without merit.

"A motion for directed verdict in a non-jury trial is procedurally incorrect and the motion will be treated as one for involuntary dismissal under OCGA § 9-11-41 (b). [Cits.]" *Chamlee v. DOT*, 182 Ga. App. 120 (1) (354 SE2d 701) (1987). The trial court's order in the instant case, granting the motions for directed verdict, will therefore be treated as an order granting motions for involuntary dismissal of APV and Lostocco.

"Pursuant to OCGA § 9-11-41 (b), upon defendant's motion to dismiss at the close of plaintiff's evidence in a nonjury trial the trial court has the power to adjudicate the case on the merits and need not view the evidence in the light most favorable to plaintiff. 'Thus, in cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. [Cits.]'" *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 161 (1) (390 SE2d 52) (1990). In the instant case, there was evidence to support the trial court's dismissal of APV and Lostocco. The record on appeal shows that Mantegna entered into a written contract solely with PAC, and that APV and Lostocco were not parties to the agreement. Accordingly, we find no error in the trial court's dismissal of APV and Lostocco.

2. Mantegna next complains that the trial court erred in failing to award attorney fees against PAC. There is evidence in the record on appeal to support the trial court's judgment denying attorney fees and therefore it will not be disturbed on appeal. *Safeway Ins. Co. v. Holmes*, supra.

3. Mantegna next asserts that the judgment against PAC is ambiguous on its face as to the amount of damages awarded. Such is not the case. The judgment states, "Plaintiff is entitled to judgment in his favor against defendant PROFESSIONAL AUTO CARE, INC., in the principal amount of Three Thousand, Five Hundred Forty-Nine Dollars and Fifty Cents ($3,549.50), plus interest of $1,543.96, a total sum of $5,093.46, plus all costs of his action." There is no ambiguity. Therefore, this enumeration is without merit.

4. Mantegna also argues that the trial court erred in failing to make specific findings of fact in support of its judgment. OCGA § 9-11-52 (a) states, "In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall *upon request of any party made prior to such ruling,* find the facts specially and shall state separately its conclusions of law." (Emphasis added.) None of the parties asked the court to make specific findings of fact prior to its rulings. Accordingly, there was no error in the form of the trial court's judgment.

5. Mantegna's final enumeration of error, that the trial court improperly denied his motion for a new trial, simply relies on each of the arguments previously considered in this opinion. This enumeration is therefore without merit.

### Case No. A92A0281

1. PAC's first enumeration is that the trial court erred in refusing to allow evidence that Mantegna allegedly violated ethical and professional rules of the State Bar of Georgia by simultaneously representing PAC, APV and Lostocco. At trial, PAC called an attorney as an expert witness to show, through hypothetical questions, that Mantegna had conflicting interests in representing PAC, APV and Lostocco. PAC also wanted to show that this alleged conflict reduced the value of Mantegna's legal services. Mantegna objected on the ground that the hypothetical question posed to the witness did not conform to the evidence of the case. The court sustained the objection. We interpret this objection and the court's ruling as being based on the relevance of the evidence.

" '[A]dmission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' " *Barnwell v. State*, 197 Ga. App. 116, 118 (5)

(397 SE2d 717) (1990). Here, the trial court did not abuse its discretion and therefore we will not disturb its decision.

2. PAC complains in its second enumeration that the court erroneously denied its motion for a directed verdict, which we shall treat as a motion for an involuntary dismissal. *Chamlee v. DOT*, supra. At trial, Mantegna produced evidence showing that PAC contracted to pay for the legal services he provided and that PAC had not paid him in full pursuant to the contract. Accordingly, there was evidence to support the court's denial of PAC's motion for an involuntary dismissal. *Safeway Ins. Co. v. Holmes*, supra.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

Decided April 29, 1992 —
Reconsideration denied May 18, 1992.

*Arthur F. Millard*, for appellant.
*Raiford, Dixon & Thackston, Tyler C. Dixon, Sheldon K. Fram,* for appellees.