A93A0257. DAVIS v. THE STATE.
(434 SE2d 132)

POPE, Chief Judge.

Defendant Michael Davis was convicted by a jury of possession of heroin with intent to distribute. He appeals the denial of his motion for new trial.

1. Relying on *Pope v. State*, 256 Ga. 195 (17) (345 SE2d 831) (1986) and *Gadson v. State*, 197 Ga. App. 315 (398 SE2d 409) (1990),

defendant argues the trial court erred by allowing the State to introduce into evidence certified copies of guilty pleas he entered on previous drug charges because the State failed to establish, upon objection by the defendant, that defendant's pleas were freely and voluntarily given. Defendant acknowledges, however, that this court previously has "reject[ed] defendant's argument that the requirements of *Pope* and *Gadson* should be extended to include any instance where the State intends to use a prior guilty plea in a criminal prosecution. The holdings of *Pope* and *Gadson* specifically apply to the State's introduction of a prior guilty plea during the sentencing portion of a criminal prosecution, and we will not extend the holdings in the manner suggested by defendant. It is well settled that in order for similar crime evidence to be admissible there must be '*some evidence* establishing that the independent crime was committed by the defendant. The evidence may be circumstantial but it must be more than mere speculation. (Cits.)' (Emphasis supplied.) *Chastain v. State*, 260 Ga. 789, 790 (3) (400 SE2d 329) (1991)." *McCann v. State*, 203 Ga. App. 880, 882 (418 SE2d 144) (1992). Moreover, in this case, as in *McCann*, there was evidence in addition to the certified copies of the guilty pleas establishing that the defendant was the perpetrator of the prior offenses.[1] Consequently, this enumeration is without merit.

2. Defendant also contends the trial court erred by allowing the arresting officer to testify that the quantity of drugs in defendant's possession at the time of his arrest was more than a person would possess for personal consumption, arguing that such testimony impermissibly invades the province of the jury on the ultimate issue to be decided in this case, to wit, whether defendant committed the crime of possession of heroin with intent to distribute. In *Davis v. State*, 200 Ga. App. 44 (2) (406 SE2d 555) (1991) this court held that "knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution is not necessarily within the scope of the ordinary layman's knowledge and experience," id. at 46, and that, therefore, expert opinion testimony is admissible on this issue under OCGA § 24-9-67. However, in this case, unlike in *Davis* where the witness was qualified as an expert "on the 'uses and activities of drugs on the street . . . ,' " id. at 45, the trial court refused the State's request to qualify the witness as an expert in "narcotics investigation," and the State did not otherwise attempt to lay a foundation which would demonstrate that the witness was qualified to testify in the manner allowed. The trial court thus erred in overruling defendant's objection to the officer's testi-

---

[1] The officers who arrested defendant for the prior offenses both testified at trial and identified defendant as the perpetrator of those crimes.

mony, and defendant's conviction must be reversed.

The dissent argues that the trial court, by allowing the complained-of testimony over defendant's objection, "implicitly" ruled that the witness was qualified as an expert. However, there is absolutely nothing in the record to support such a conclusion. As the dissent acknowledges, when the State initially sought to qualify the witness as an expert the defendant objected on grounds of relevancy and that the State had failed to lay a sufficient foundation as to the witness' qualifications. The trial court sustained the objection without specifying the basis for its ruling, and this court can only speculate or guess if the court sustained the objection based on lack of relevancy, insufficient foundation *or both*. All we know from the record is that the court refused the State's tender of the witness as an expert, and that the trial court never stated or otherwise indicated a retreat from that ruling.

Moreover, even assuming, as the dissent finds, that the record establishes the officer's qualifications as an expert in narcotics *investigation*, there is absolutely nothing in the record which demonstrates that the witness was qualified to testify as an expert on drug *use*. To the contrary, the record shows that before moving to have the witness qualified as an expert in "narcotics investigation" the State merely elicited the fact that the officer attended bi-monthly training sessions, consisting of formal classes and hands-on training, encompassing team deployment and tactical tasks. Before stating his objections to the witness' qualifications, the defendant requested to voir dire the witness, who testified as follows as to his training as a drug squad officer: "We update ourselves on the basic laws of drugs and we train ourselves, you know, twice a month and stuff. We just go out, like somebody from the academy might come out and give us update classes and stuff [where] they update us on drugs and the different ways that drugs are being distributed throughout the state and the streets and stuff, . . . , the national laws and stuff, . . . , the overall picture of drugs itself, because drugs are constantly changing everyday, things are different. We find out new stuff everyday about how drugs are stored or hidden. . . ." This testimony clearly establishes that the officer's training, such as it was, was fairly limited in scope and that it did not relate to "the 'use[ ] . . . of drugs on the street.'" *Davis v. State*, 200 Ga. App. at 45.

Lastly, the dissent finds that defendant waived this issue on appeal because none of the stated objections to the testimony at trial went to the officer's qualifications as an expert. However, as noted by the dissent, the defendant objected, inter alia, on the basis that "[t]he officer is in no position to make a statement like that." This objection clearly raised the officer's qualifications to answer the question posed.

3. In light of our holding in Division 2, it is unnecessary for us to

address defendant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Cooper, Blackburn and Smith, JJ., concur. Beasley, P. J., and Andrews, J., dissent. Johnson, J., not participating.*

ANDREWS, Judge, dissenting.

I respectfully dissent. The trial court did not err by overruling the defendant's objection to the officer's expert opinion testimony that ten "hits" of heroin found on the defendant's person was more than a heroin user would carry for personal consumption.

The State's first witness was a City of Atlanta police officer, who had been assigned to the "Red Dog" anti-drug squad for over two years. The officer testified that during this assignment he had received formal training in drug law enforcement as well as hands-on tactical experience in narcotics investigation. Based on this testimony, which was the only evidence introduced by the State at the time, the State moved the trial judge to qualify the officer as an expert in narcotics investigation. After being allowed, upon request, to cross-examine the witness, defense counsel objected to the motion on grounds that the State had not shown any expert testimony from the officer was relevant, and there was not a sufficient foundation. The trial court sustained the objection. The majority concludes that by sustaining this objection the trial judge ruled the officer was not qualified to give expert testimony regarding narcotics investigations. Accordingly, when the trial judge, over defense objection, subsequently allowed the officer to give his expert opinion about the quantity of heroin on the defendant's person, the majority found reversible error.

I find no contradiction between the trial judge's initial refusal to formally qualify the officer as an expert, and the judge's subsequent ruling admitting the officer's expert opinion testimony. When the State moved for the trial judge to explicitly recognize the officer as an expert, there was no other evidence in the record, and the State offered no explanation, by proffer or otherwise, to show the nature of the expert testimony it sought to introduce, and its relevance to an issue before the court. Under OCGA § 24-9-67, "[t]he opinions of experts *on any question of science, skill, trade, or like questions* shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." (Emphasis supplied.) "An expert witness is one who through education, training, or experience has peculiar knowledge concerning *some matter of science or skill to which his testimony relates.*" (Emphasis supplied.) *Tifton Brick &c. Co. v. Meadow*, 92 Ga. App. 328, 330-331 (88 SE2d 569) (1955). This means not only must the witness tendered as an expert be *qualified* by education, training, or experience to render an opinion within the scope of a particular expertise, but the expert testimony sought to be intro-

duced through the witness must be *relevant* to an issue in the case. If there is no relevant expert testimony to be given, there is no reason to recognize the witness as an expert regardless of how qualified he or she may be. See *Lee v. State*, 262 Ga. 593, 594 (423 SE2d 249) (1992) (trial court properly sustained objection that expert testimony was not relevant to the issues at trial); *Mantegna v. Professional Auto Care*, 204 Ga. App. 254, 255 (419 SE2d 43) (1992) (objection to offer irrelevant expert testimony properly sustained); *Barnes v. Wall*, 201 Ga. App. 228 (411 SE2d 270) (1991) (trial court erred by admitting irrelevant expert testimony).[2]

The trial judge did not rule the officer was not qualified as an expert in narcotics investigations, rather the court sustained the defense objection that the State had not shown the relevance of any expert opinion it sought to introduce through the witness. Since expert opinion testimony, like any other evidence, must be relevant to an issue in the case to be admissible, it was within the judge's discretion to refuse to formally recognize the witness' qualifications as an expert until the State demonstrated the relevance of such qualification. In this case, the State subsequently demonstrated relevance by offering the officer's expert opinion on the quantity of heroin on the defendant's person, at which time the trial judge overruled defense objections to the expert testimony. The trial judge was not required to make any specific ruling that the officer was an expert prior to ruling on the admissibility of the expert opinion testimony. *Howard v. State*, 177 Ga. App. 589, 590 (340 SE2d 212) (1986). Since the record otherwise establishes the officer's expert qualifications, the trial judge's overruling of defense objections to the expert opinion testimony was an implicit ruling that the court recognized the officer to be qualified as an expert. *Stewart v. State*, 246 Ga. 70, 75 (268 SE2d 906) (1980).

The defense objected to admission of the expert opinion on grounds that: (1) "[t]he officer is in no position to make a statement like that"; (2) "[it's] not relevant," and (3) "that's up to the jury to decide." The trial court properly exercised its discretion to determine that the officer was qualified as an expert, overruled the objection, and admitted the expert testimony. See *Davis v. State*, 200 Ga. App. 44, 45-46 (406 SE2d 555) (1991). On appeal, the defendant argues that the trial court erred by admitting this testimony on an ultimate issue in the case which invaded the province of the jury. "The issue is

---

[2] Under most circumstances, the better practice would be to rule whether the witness is an expert only in response to a specific objection that the witness is not qualified to give the opinion sought in a specific question. Otherwise, generally labeling a witness as an "expert" may give improper credence to his testimony. All of this, however, lies in the sound discretion of the trial judge.

not whether the opinion would invade the province of the jury, but whether the subject is a proper one for opinion testimony. Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman." (Citations and punctuation omitted.) *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 392 (414 SE2d 521) (1991). Moreover, when the expert opinion testimony was offered, it does not appear that any of the grounds for objection went to the qualifications of the officer as an expert, so that issue was waived on appeal. *Horne v. State*, 155 Ga. App. 851, 856 (273 SE2d 193) (1980).

There being no reversible error, the judgment of conviction should be affirmed.

DECIDED JULY 16, 1993.

*David L. Whitman*, for appellant.
*Lewis R. Slaton, District Attorney, Anita Wallace, Nancy A. Grace, Assistant District Attorneys*, for appellee.