## A96A0922. NEAL v. NATURAL GAS OF TENNESSEE, INC.

(476 SE2d 73)

RUFFIN, Judge.

Billy Neal instituted proceedings to foreclose his mechanics' liens on certain motor vehicles and equipment owned by Natural Gas of Tennessee, Inc. ("NGT"). The trial court conducted a probable cause hearing pursuant to OCGA § 40-3-54 (c) (3), and dismissed the case, finding that Neal forfeited his liens because he failed to institute foreclosure proceedings within the time required by OCGA § 40-3-54 (b). Because we agree with the trial court that Neal did not institute foreclosure proceedings in a timely manner, we affirm.

The evidence shows that Neal, who was a self-employed machine mechanic, had possession of certain automotive and other equipment owned by NGT. At the hearing, Neal testified that NGT representatives hired him to purchase and/or repair the equipment. On November 8, 1994, NGT sent a letter to Neal stating that his possession of the equipment was unauthorized and that if he did not return it to NGT within ten days from the date of the letter, NGT would file suit for unlawful conversion of the property. On November 10, 1994, Neal responded to the demand, acknowledging possession of the equipment and stating that he was holding it as "security" and to "assert his rights under Georgia's lien law. . . ." In a letter dated November 21, 1994, NGT again demanded that Neal return the equipment unless he could provide evidence that he repaired the equipment and that the repairs were authorized by NGT. On February 3, 1995, Neal instituted the instant foreclosure proceedings on his mechanics' liens by filing an affidavit of foreclosure with the superior court.

1. We note initially that because the trial judge was sitting as the trier of fact at the hearing, his findings are analogous to a jury's verdict and will not be disturbed if there is any evidence to support them. See *Mantegna v. Professional Auto Care*, 204 Ga. App. 254 (1)

(419 SE2d 43) (1992).

In his first enumeration of error, Neal asserts the trial court erred in dismissing the foreclosure because neither of NGT's letters constituted demands under OCGA § 40-3-54 (b). We disagree.

OCGA § 40-3-54 (b) provides that if the mechanic retains possession of the equipment to assert his lien, "the owner-debtor may contest the validity of the amount claimed to be due by making written demand upon the lienholder. If upon receipt of such demand the lienholder fails to institute foreclosure proceedings within ten days where possession has been retained, . . . the lien is forfeited." OCGA § 40-3-54 (b).

In this case, it is clear that NGT's letters to Neal constituted written demands contesting the validity of the claimed debt. In its first letter to Neal, NGT not only stated that Neal's possession of the equipment was unauthorized, but also demanded that Neal return the equipment. See *Haire v. Suburban Auto Body*, 204 Ga. App. 16 (1) (418 SE2d 163) (1992); *Davison's Auto &c. v. Security Ins. Co. of Hartford*, 187 Ga. App. 220 (369 SE2d 538) (1988) (physical precedent only). In addition, in its second letter to Neal, NGT contested whether Neal was authorized to conduct any repairs and again demanded that Neal return the equipment. See *P & B Corp. of America, Ltd. v. One 1983 BMW*, 175 Ga. App. 462 (333 SE2d 633) (1985) (debt not valid if repairs unauthorized); *Davison's Auto*, supra.

Under these circumstances, there was ample evidence to support the trial court's findings that NGT made a proper written demand to Neal and that Neal forfeited his liens due to his failure to timely institute foreclosure proceedings.

2. In three enumerations of error, Neal asserts that even if the trial court's order was otherwise correct, it was invalid because NGT did not properly assert its defenses or request a hearing. We disagree.

(a) Neal's contention that NGT was required to file a counteraffidavit in order to preserve its defenses is without merit. Although the former version of OCGA § 40-3-54 required an owner to file a counteraffidavit to contest a mechanic's affidavit, there is no such requirement under the current version of OCGA § 40-3-54. See Ga. L. 1961, p. 68, § 23. OCGA § 40-3-54 (c) (2) now requires that the court clerk notify the owner that the mechanic has filed an affidavit of foreclosure, and that an owner contesting the debt petition for a hearing within five days of receiving the notice. Accordingly, NGT was not required to file a counteraffidavit.

(b) Also without merit is Neal's contention that NGT's letter to the court requesting a hearing did not constitute a petition. The record shows that within five days of receiving notice of Neal's affidavit, NGT sent the court clerk a letter stating: "[p]lease consider this

our request to have a hearing set on the Affidavit to Foreclose Lien on Personalty filed by Billy R. Neel [sic]. . . ." Because NGT's letter clearly requested the hearing, Neal's contention is without merit; substance prevails over form. See *Comm. for Better Govt. v. Black*, 216 Ga. App. 173, 174 (1) (453 SE2d 772) (1995).

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 17, 1996.

*James G. Maddox*, for appellant.
*J. Hatcher Graham*, for appellee.